Contracts; interest on award; res judicata; statute of limitations; Armed Services Procurement Regulations; debarment. — On November 30,1973 the court issued the following order:
Before Davis, Skelton and Nichols, Judges
The defendant has moved to dismiss, alleging the instant action to be barred by res judicata because of our decision in Mar-Pak Corp v. United States, No. 154-72. The motion is well taken, and to explain why we summarize the facts and holding in the prior case:
In 1956, plaintiff entered into a series of contracts with the Air Force for the demolition of certain aircraft. In 1959, prior to completion of the contracts a dispute arose as to whether plaintiff was entitled to a rental charge for equipment, or a depreciation charge, and certain overhead expenses. This dispute resulted in an investigation into the possible violation by plaintiff of certain criminal and civil statutes. Also as a result of the disputes plaintiff sought relief at the ASBCA, but at the request of the Air Force these proceedings were suspended awaiting agency and court action arising from the Air Force investigation. On January 28, 1968, the Government filed a civil suit against plaintiff in the United States District Court for the Northern District of *719 Ohio. Subsequently this action was dismissed by stipulation whereby the Government was to retain some $6,000 of $10,000 which concededly was owed to the plaintiff, paying $4,000. Thereafter, proceedings at the ASBCA were reinstated. On August 4,1971, the ASBCA allowed plaintiff’s claim in part and denied it in part. Pursuant to the holding of the ASBCA the Government paid to plaintiff $36,819.21 on March 6,1972.
Plaintiff’s claim was comprised of four counts. In count I plaintiff claimed interest of six percent on the amount awarded by the ASBCA from May 31,1959 to March 6,1972. In support of this claim plaintiff pointed to cases where this court has allowed the recovery of interest by a contractor even where it was not specifically provided for by statute and averred that the situation at bar should be viewed as a taking-on the part of the Government for which it should pay interest.
In count II of its claim, plaintiff contended that the stipulation entered into to dismiss the civil suit in the District Court for the Northern District of Ohio was obtained by coercion, to wit: defendant had sums of money due and owing plaintiff but refused payment until the stipulation was signed and defendant represented to plaintiff that upon the dismissal of the court proceedings the proceedings at the ASBCA would be reinstituted. Plaintiff argued that the stipulation should be viewed as a contract with the Government entered into as the result of Government coercion and therefor void. The damages claimed under this count included the $6,000 retained by the Government, interest on that amount, and the attorney fees and court costs incurred in defending the civil suit.
Plaintiff’s last two counts, III and IV, rested upon the allegation that it was placed upon a suspension list without the notification prescribed by regulation. As such plaintiff was unable to obtain any contract awards. However, since plaintiff was unaware that it was on the list it proceeded to expend funds in bid preparations. Plaintiff contended that it should be able to recover those costs incurred in attempting to obtain contracts it was precluded from winning.
Plaintiff also claimed in count III overhead and administrative expenses, $23,767.59, incurred during Air Force Audit *720 after physical performance of its contracts. In count IV it also claimed executive salaries, professional fees, and travel expenses in the amount of $115,879.78, in defending itself in litigation as well as in preparing and submitting futile bids.
As to interest, defendant set out the general rule: “that interest cannot be recovered against the United States upon unpaid accounts or claims in the absence of an express provision to the contrary in a relevant statute or contract.” United States v. Thayer-West Point Hotel Co., 329 U.S. 585, 588 (1947). A review of the pertinent cases supports this contention. See, Bonnar v. United States, 194 Ct. Cl. 103, 438 F. 2d 540 (1971); Algonac Mfg Co. v. United States, 192 Ct. Cl. 649, 428 F. 2d 1241 (1970). The alleged exceptions to this rule pointed to by plaintiff in the cases of Phillips Constr. Co. v. United States, 179 Ct. Cl. 54, 374 F. 2d 538 (1967), and Bell v. United States, 186 Ct. Cl., 189, 404 F. 2d 975 (1968), are not in point. Phillips was a Capehart Act case involving special factors. In Bell we applied a DOD policy allowing interest as part of equitable adjustments allowable where contractor actually paid the interest because of Government delay in payment. The parties can cite no case where interest was allowed because of delay on the part of the Government in the payment of a claim, without some other factors, and 28 U.S.C. § 2516(a) would be violated if we allowed interest here.
Plaintiff also asserted that in cases of a taking one is entitled to interest as part of his recovery of just compensation. This is true. However, plaintiff failed to show wherein the activities of defendant constituted a taking. The claims of plaintiff under its count I failed to state a cause of action.
Plaintiff’s claims under count II also failed to state a cause of action over which this court had jurisdiction to render relief. Even if the stipulation entered into as part of the District Court proceedings is viewed as a contract, that contract is subsumed by the judgment of the District Court to dismiss the cause of action and as such cannot be collaterally attacked in this court. See, Carney v. United States, 199 Ct. Cl. 160, 462 F. 2d 1142 (1972). The same is true as to expenses of whatever kind incurred in resisting the District *721 Court suit. If plaintiff was entitled to costs, it was for the District Court to award them.
In opposing plaintiff’s claims under its counts III and IV, defendant contended that plaintiff was not placed on a debarred list, which ¡by ASPB 1-604.3 would have necessitated notice to the debarred party. If on any list plaintiff was on an Air Material Command Experience List as to which there was no requirement of notice. On the other hand, this list did not expressly debar a bidder. It only notified procurement personnel of improper and unsatisfactory experience with the bidder, and let them draw their own conclusions. Defendant, due to “routine” destruction of records, was unable to state whether plaintiff was on this list, nor what contract awards plaintiff lost by being on it. Plaintiff submitted a list of contracts on which it was “best biddei’” but did not receive the awards, all dates being in 1960. Its president stated he did not actually know of the alleged debarment until 1968. However, we believe that losing a series of awards whereon plaintiff was “best bidder” was sufficient to put it on inquiry, and therefore the six-year statute of limitations (28 U.S.C. § 2501) was not tolled. Japanese War Notes Claimants Ass’n. v. United States, 178 Ct. Cl. 630, 373 F. 2d 356, cert. denied, 389 U.S. 971 (1967). A petition seeking review of the ASBCA decisions would have been timely, but this did not save the debarment claims, which related to the award of entirely separate contracts. Defendant did not plead limitations in case No. 154-72, but the court was obliged to apply the statute sua sponte, for it is jurisdictional.
The court ordered summary judgment for defendant, and dismissal, on June 15, 1973. It stated the dismissal was without prejudice to a new contract action seeking review of the ASBCA decision or “claiming breach of the involved contracts”, i.e., those involved in the ASBCA decision. In such new action, we said, the petition should make clear the relationship of the relief sought to the Wunderlich Act and otherwise conform to the court’s Buie 161 and ff.
The new petition in Case No. 244-73 makes clear what was not clear before, that plaintiff is satisfied with the ASBCA decision and has no desire to have it reviewed. Begrettably, the petition also shows that plaintiff misread *722 our order in Case No. 15A-72 as dismissing on procedural grounds only, not because we found that all four counts substantively failed to state causes of action, as was tbe fact. Except in clarifying the lack of relationship of the claims to the Wunderlich Act, the new petition in essence simply repeats the allegations of the old. It is not necessary to analyze and compare the two documents in detail to show this to be the case. Defendant so asserts and plaintiff in its reply does not deny it. It is clear the new petition is barred by res judicata.
It is therefore ordered that the motion to dismiss is granted and the petition is dismissed.