**MONROE M. TAPPER & ASSOCIATES**

v.

**The UNITED STATES.**

No. 329–70.

United States Court of Claims.

Dec. 12, 1979.

---

F. Trowbridge vom Baur, Washington, D.C., attorney of record for plaintiff. W. Bruce Shirk, Washington, D.C., of counsel.

R. W. Koskinen, Washington, D.C., with whom was Acting Asst. Atty. Gen., Alice Daniel, Washington, D.C., for defendant.

Before COWEN, Senior Judge, and KUNZIG and SMITH, Judges.

## OPINION

KUNZIG, Judge:

This is yet another opinion on plaintiff's claim involving the construction and lease of a Post Office facility in Worchester, Massachusetts.[1] After originally filing the claim with the contracting officer in November 1968 plaintiff at last prevailed on the merits and was awarded $26,805.94 by decision of this court dated July 18, 1979, *Monroe M. Tapper & Associates v. United States*, 602 F.2d 311, 221 Ct.Ct. —— (1979). Now plaintiff requests interest on its claim from November 1968 until the date of judgment in July 1979, arguing its action falls under the Contract Disputes Act of 1978, Pub.L. No. 95–563, 92 Stat. 2383[2] (hereinafter "Act" or "Contract Disputes Act") and the interest provisions thereof. For the reasons discussed below we conclude plaintiff, under these circumstances, may not proceed under the Act. Plaintiff's claim for interest must therefore be denied.[3]

The facts pertinent to plaintiff's request for interest are as follows. In June 1968, plaintiff entered into a contract with defendant for the construction and lease of a Post Office facility in Worchester, Massachusetts. The contract contained the usual Disputes provision (General Provision 12) which gave plaintiff a 30-day period within which to appeal in writing to the Postmaster General a final decision of the contracting officer rendered on a dispute arising under the contract.[4]

During construction of the facility a controversy arose in September 1968 as to

1. Plaintiff's claim has been the subject of three opinions by this court, *Monroe M. Tapper & Associates v. United States*, 458 F.2d 66, 198 Ct.Cl. 72 (1972); *Monroe M. Tapper & Associates v. United States*, 514 F.2d 1003, 206 Ct.Cl. 446 (1975); *Monroe M. Tapper & Associates v. United States*, 602 F.2d 311, 221 Ct.Cl. —— (1979).

2. 41 U.S.C.A. § 601 *et seq.* (1979).

3. In its opinion of July 18, 1979, the court in a footnote made reference to its denial without prejudice of plaintiff's claim for interest and stated that plaintiff was free to reinstate such a request. On August 7, 1979, plaintiff filed a motion for leave to file a supplemental memorandum making such a claim, which motion the court granted on August 29, 1979. That memorandum, together with defendant's response, plaintiff's reply and a supplemental memorandum from defendant are now before the court for its determination.

4. The specific language of the Disputes provision provided, *inter alia*. "The decision of the Contracting Officer *shall be final and conclusive* unless, within 30 days from the date of receipt of such copy, the Lessor mails or otherwise furnishes to the Contracting Officer a written appeal addressed to the Postmaster General." (emphasis added)

whether the contract specifications permitted the use of earth as opposed to gravel for backfilling utility line trenches. In a letter dated December 23, 1968, the contracting officer notified plaintiff that the specifications required the use of gravel in backfilling the trenches. This letter stated it was "a final decision pursuant to the Disputes Clause of the General Conditions" and was to be "final and conclusive" unless an appeal was effected within 30 days.

Plaintiff persisted in appealing the contracting officer's decision and through differing problems eventually required three separate opinions of this court, it was determined the specifications permitted the use of earth for backfilling utility line trenches and plaintiff was awarded $26,805.94 because defendant had insisted upon the use of gravel.

■ Plaintiff's motion now before the court seeks to recover interest on the $26,-805.94 judgment from the date of the contracting officer's final decision of December 1968 refusing plaintiff's claim. Plaintiff's interest claim, however, must overcome the "ancient doctrine"[5] based upon 28 U.S.C. § 2516(a),[6] that "interest cannot be recovered against the United States upon unpaid accounts or claims in the absence of an express provision to the contrary in a relevant statute or contract." *United States v. Thayer-West Point Hotel Co.*, 329 U.S. 585, 588, 67 S.Ct. 398, 399, 91 L.Ed. 521 (1947); *Cleveland Chair Co. v. United States*, 557 F.2d 244, 214 Ct.Cl. 360 (1977). The rule, of course, applies to awards in contract disputes, *Poorvu v. United States*, 420 F.2d 993, 1004, 190 Ct.Cl. 640, 658 (1970) (Post Office facility construction); *Algonac Mfg. Co. v. United States*, 428 F.2d 1241, 192 Ct.Cl. 649 (1970); *Mar-Pak Corp. v. United States*, 203 Ct.Cl. 718, 720 (1973); *see Fram-*

*lau Corp. v. United States*, 568 F.2d 687, 694, 215 Ct.Cl. 185, 197 (1977).

Evidently unable to invoke a clause in its contract to support an interest request, plaintiff argues its claim falls within the Contract Disputes Act of 1978 and the provision for the payment of interest on contractors' claims contained in section 12.[7] The problem then is whether plaintiff's claim comes within the effective date of the Act. Section 16 of the Act, headed "Effective Date of Act," states:

> Sec. 16. This Act shall apply to contracts entered into one hundred twenty days after the date of enactment. Notwithstanding any provision in a contract made before the effective date of this Act, the contractor may elect to proceed under this Act with respect to any claim pending then before the contracting officer or initiated thereafter.

The Contract Disputes Act was enacted on November 1, 1978, and pursuant to the above section had an effective date of March 1, 1979. Because the contract on which plaintiff sues was entered into in June 1968, plaintiff's claim would appear to be ineligible for coverage under the Act and its interest provisions. Yet plaintiff contends it is "electing to proceed" under the Act; plaintiff allegedly has this option because its claim, though the contracting officer rendered a final decision thereon on December 23, 1968, was nevertheless (it argues) "pending before" the contracting officer on the effective date of the Act.

■ To specify the question before the court, it is whether plaintiff's claim for extra costs incurred by using gravel instead of earth for utility line backfill was "pending before the contracting officer" on the effective date of the Contract Disputes Act

---

5. *Singer Co., Librascope Division v. United States*, 568 F.2d 695, 698, 215 Ct.Cl. 281, 284 (1977).

6. 28 U.S.C. § 2516(a) (1976) reads in its entirety:

"Interest on a claim against the United States shall be allowed in a judgment of the Court of Claims only under a contract or Act of Con-

gress expressly providing for payment thereof."

7. Section 12 of the Contract Disputes Act of 1978 provides in part: "Interest on amounts found due contractors on claims shall be paid to the contractor from the date the contracting officer receives the claim pursuant to section 6(a) from the contractor until payment thereof."

of 1978, which was March 1, 1979.[8] As noted, plaintiff's claim was rejected by a final decision of the contracting officer on December 23, 1968, appealed to the then Post Office Department Board of Contract Appeals and later to this court. Our decision in *Troup Bros. Inc. v. United States,* Ct.Cl. No. 64–79, (order filed Aug. 24, 1979) and the language and legislative history of the Contract Disputes Act compel our conclusion that plaintiff's claim was not pending before the contracting officer on the Act's effective date.

Plaintiff in *Troup Bros.* had liquidated damages assessed against it under a contract for flood control facility construction with the Army Corps of Engineers. The contract was entered into on December 19, 1975, and on January 8, 1979, the contracting officer upheld the assessment in a final decision. Plaintiff in *Troup Bros.* sought to appeal the contracting officer's decision directly to this court by utilizing section 10(a)(1) of the Contract Disputes Act which permits such direct access, giving a contractor a right to a de novo proceeding in this court. The question was whether the Contract Disputes Act applied to plaintiff's claim. Rejecting plaintiff's contentions, the court recognized that the contracting officer's final decision had been rendered two months before the Act's effective date of March 1, 1979. Therefore, "Since the contracting officer rendered his final decision before the effective date of the Act, the claim at issue was not pending before him on the date the Act became effective nor was it initiated thereafter." [9]

■ *Troup Bros.* announced a straightforward principle which applies to this case. Once a contracting officer has rendered a final decision on a claim, that claim is no longer pending *before the officer* within the meaning of section 16 of the Contract Disputes Act of 1978. Plaintiff herein argues *Troup Bros.* is not applicable to this case because it did not deal with a question of interest. The common determinative issue in this case and in *Troup Bros.* is whether a claim which has been the subject of a contracting officer's final decision was pending before the contracting officer on the Act's effective date. Plaintiff does not suggest the concept of "pending before the contracting officer" should mean one thing when applying section 10(a)(1) of the Act (as in *Troup Bros.*) and another when applying the Act's interest provisions contained in section 12, nor could we accept such a distinction as tenable. And contrary to plaintiff's assertion, the issue of when a claim is pending before a contracting officer was fully addressed in *Troup Bros.* That decision guides us now.

Examination of the language and legislative history of the Contract Disputes Act confirms this result. In S.Rep. No. 95–1118, 95th Cong., 2d Sess., *reprinted in* [1978] U.S.Code Cong. & Admin.News, p. 5235, section 16 of the Contract Disputes Act, "Effective Date of Act," was discussed. The Senate Report commented, *inter alia*:

> The contractor may elect to proceed under this act with respect to any claims pending then before the contracting officer or initiated thereafter. It is not intended that upon the effective date of

8. We believe it is self-evident that the word "then" in the phrase "any claim pending then before the contracting officer" in section 16 refers to the effective date of the Act, March 1, 1979, not to the date of enactment, November 1, 1978. It is fair to assume that "then" refers to the pertinent time closest to it and mentioned in the same sentence, which is "the effective date of this Act." Moreover, in the legislative history of section 16, 1978 U.S.Code Cong. & Admin.News, pp. 5235, 5269, the time when a contractor may exercise the right of direct access to a court is discussed. Limiting the time when this right may be used, the Senate Report notes: "It is not intended that

upon the *effective date of this act,* a claim currently before an agency board can be switched to a court under this act's provisions." (emphasis added)

9. The court in *Troup Bros.* also rejected plaintiff's argument that its particular claim was still pending before the contracting officer because the contract under which the claim arose was not complete in that the final requisition had not been filed. The key issue, the court emphasized, was that the particular claim plaintiff brought to the court was the subject of the contracting officer's final decision of January 8, 1979.

this act, a claim currently before an agency board can be switched to a court under this act's provisions.

 Thus a contractor may proceed under the Act and file suit directly in the Court of Claims with respect to a claim pending before the contracting officer on the effective date of the Act. But the language of the Senate Report explicitly prevents a claim which is before an agency board (that is, one which has been the subject of a contracting officer's final decision) from being switched to the Court of Claims under the Act's provisions. The evident intent of Congress was not to consider a claim which has been the subject of a contracting officer's decision and is on appeal to an agency board as still "pending" before the contracting officer, for the Act permits contractors with claims which are only pending before a contracting officer to proceed in court, yet prohibits such switching if the contracting officer's final decision is on appeal to a board. Again we can see no reason why the meaning of "pending before the contracting officer" should be interpreted differently when determining the applicability of the Act's interest provisions than it is when determining a contractor's right of direct access.

 We also believe the plain language of the Act (and the language of the Disputes provision in plaintiff's contract) militates against the notion of a claim as pending before the contracting officer once the officer has rendered a final decision thereon. Section (6)(b) of the Act states: "The contracting officer's decision on the claim shall be final and conclusive and not subject to review by any forum, tribunal, or Government agency, unless an appeal or suit is timely commenced as authorized by this Act." Black's Law Dictionary (Rev. 4th ed. 1968) defines a final decision as "one which settles rights of parties respecting the subject-matter of the suit and which concludes them until it is reversed or set aside." Pending is defined as "unsettled; undetermined; in process of settlement or adjustment." The terms are inherently contradictory if not mutually exclusive. It hardly makes sense to say a contracting officer has rendered a final decision on a claim yet assert the claim is still pending before the officer. To be sure, the claim itself may be pending, but pending before another forum, not before the contracting officer.

 We now address plaintiff's arguments directly. Plaintiff would have us analogize the contracting officer's decision to the decision of a trial court and cites authority for the proposition that a case is still pending when it is on appeal from a trial decision. Our foregoing discussion, however, makes it plain that while a contractor's claim may still be pending when on appeal, it cannot be said to be pending *before the contracting officer* after the officer renders a final decision. Plaintiff also belabors the obvious by insisting the intent of the Act is to provide interest on a claim from the date the contracting officer "receives" a claim.[10] This is true, but the question before us is whether the Act applies to this plaintiff under these circumstances.

 Next plaintiff contends a claim must be deemed to be pending before a contracting officer because the contracting officer may settle a claim even while on appeal. As observed in *United States v. Mason & Hanger Co.*, 260 U.S. 323, 325, 43 S.Ct. 128, 128, 67 L.Ed. 286 (1922), "The [contracting] officer in a sense is a party to the contract, not only representing but speaking for the impersonality of the Government." As the representative of the Government the contracting officer may, just as the representative of a private party in litigation would, conclude settlement of a claim. This does not mean, however, that the case is still pending before the contracting officer when, acting in a quasi-judicial capacity, the officer has rendered a final decision on the claim.

 Finally, independent of the Contract Disputes Act, plaintiff urges that eq-

10. Section 12 of the Act.

uity and justice require interest to be paid on the $26,805.94 used to finance the performance of the changed work since 1968. Similar arguments were made by plaintiffs and rejected in *Economy Plumbing & Heating Co., Inc. v. United States*, 470 F.2d 585, 594, 200 Ct.Cl. 31, 46 (1972). Admittedly, the prohibition against payment of interest may have harsh results. This unfairness was eliminated in most situations long ago by changes in procurement regulations and now by the Contract Disputes Act. Unfortunately, plaintiff in this case is unable to benefit from these developments and the old rule prohibiting the payment of interest on claims against the Government dictates the result here.

Accordingly, upon the parties' submissions and without oral argument, plaintiff's memorandum request to elect to proceed under the Contract Disputes Act of 1978 and for interest as provided in the Act is denied.