This contract case is before the court on cross-motions for summary judgment. The plaintiffs petition seeks review of an Armed Services Board of Contract Appeals decision, Wheeler Brothers, Inc., ASBCA No. 24421, 80-1 BCA ¶ 14,435 (April 24,1980), which denied plaintiff interest on a previous award of $398,687 as an equitable adjustment for constructive partial terminations of a contract. We affirm the board’s denial of interest on the award.
The plaintiff was awarded contract No. F65501-72-C-0222 by the Department of the Air Force on March 15, 1972. The contract made plaintiff the exclusive supplier of the Government’s requirements of automotive parts through the operation of certain Contractor-Operated Parts Stores at various locations in Alaska. Plaintiff was awarded its equitable adjustment because the Government purchased $2,800,000 worth of parts from other sources. Wheeler Brothers, Inc., ASBCA No. 20465, 79-1 BCA ¶13,642 (January 5, 1979). That decision was silent on the issue of interest and the plaintiffs subsequent appeal to the contracting officer on the interest issue was denied on October 17, 1979. The board agreed with the contracting officer’s decision and this suit followed.
It is fundamental that the "Court of Claims jurisdiction to grant relief depends wholly upon the extent to which the United States has waived its sovereign immunity to suit and that such waiver cannot be implied but must be unequivocally expressed.” United States v. King, 395 U.S. 1, 4 (1969). With regard to interest on claims, the requirement is expressly stated by statute. 28 U.S.C. §2516(a) (1976) provides: "Interest on a claim against the United States shall be allowed in a judgment of the Court of Claims [the judgment in this case is an award by the ASBCA] only under a contract or Act of Congress expressly providing for payment thereof.” Thus, the plaintiff carries a heavy burden in this suit.
*555 The parties agree that the contract itself does not expressly provide for the payment of interest. The plaintiff relies upon Defense Procurement Circular No. 97 which was issued by the Department of Defense on February 15, 1972. That circular promulgated a new clause entitled "Payment of Interest on Contractor’s Claims” which was applicable as follows:
This revision is effective upon receipt and the clause shall be included in new solicitations in accordance with ASPR l-106.2(d). The clause shall not be incorporated into existing contracts.
ASPR l-106.2(d), 32 C.F.R. §1.106-2(d), provides:
Statements in Defense Procurement Circulars to the effect that the material published therein is "effective upon receipt” or upon a specified date, or that changes set forth in the Circular are "to be used upon receipt”, mean that any new or revised clauses or forms included in the Circular shall be included in invitations for bids and requests for proposals issued thereafter, unless a different meaning is expressed in the Circular. However, unless otherwise provided in the Circular, the new or revised clauses or forms need not be included in solicitations already in process of preparation where their inclusion would cause an undue delay in the solicitation.
Applying the language of the circular and the regulation to the facts of this case, we find that the plain meaning clearly dictates a holding that the circular did not require that the new clause be incorporated into plaintiffs contract. The invitation for bids in this case was issued on November 22, 1971, with the last of four modifications being effective on January 17,1972. The plaintiffs bid was submitted on January 20,1972. Thus, the invitation for bids was issued prior to the issuance of the circular on February 15, 1972, and the circular was only effective upon receipt.
The circular’s language requiring that the clause be incorporated in "new solicitations” did not mandate inclusion in this contract. We read the second sentence of the quoted ASPR section as qualifying the first sentence and creating an exception. The first sentence mandates the inclusion of the new clause in "new solicitations,” i.e., invitations for bid which are issued after receipt of the *556 circular, unless otherwise provided in the circular. In this case, the circular provision did not provide otherwise, instead it had a similar provision. The second sentence of the regulation creates an exception: if a solicitation, which has not been issued (i.e, a solicitation to which sentence one applies) but is already in the process of preparation, would be unduly delayed in issuance by the incorporation of the new clause, then the solicitation can be issued without incorporating the new clause. As the court stated in Framlau Corp. v. United States, 215 Ct. Cl. 185, 198 n.16, 568 F.2d 687, 694 n.16 (1977), the new clause requiring the payment of interest on contractor’s claims was prospective only.
The invitation for bids in this case, which was clearly issued prior to the receipt of the circular, was not required to contain the new clause. Plaintiffs strained argument for a contrary interpretation is rejected. The circular did not mandate the payment of interest on this claim. Plaintiffs argument based on G. L. Christian & Associates v. United States, 160 Ct. Cl. 1, 312 F.2d 418, cert. denied, 375 U.S. 954 (1963), therefore necessarily fails. Without inclusion of the clause being mandated by law, there is no basis for application of the Christian Doctrine. We, therefore, do not reach the arguments of the parties on this issue.
Since 28 U.S.C. §2516(a) (1976) requires a "contract or Act of Congress” which expressly provides for the payment of interest on a judgment of this court, the court naturally examined the possibility of applying the interest provision of the Contract Disputes Act of 1978, 41 U.S.C. §611 (Supp. Ill, 1979). That Act provides that a contractor may elect to proceed under the Act "with respect to any claim pending * * * before the contracting officer” on March 1, 1979, or initiated thereafter. 92 Stat. 2389 (1978); see also 41 U.S.C. §601 note (Supp. Ill, 1979). Although the appeal to the contracting officer was decided on October 17, 1979, proceeding under the Act would provide no benefit to plaintiff, since the Act clearly requires that the substantive claim for equitable adjustment be pending before the contracting officer on March 1, 1979. 41 U.S.C. §611 provides no basis for an award of interest on an equitable adjustment that was decided by the contracting officer prior to the March 1, *557 1979, effective date. Monroe M. Tapper & Associates v. United States, 222 Ct. Cl. 34, 39-40, 611 F.2d 354, 357-58 (1979); Troup Bros. v. United States, 221 Ct.Cl. 850 (1979).
It is clear that there is no dispute of material fact and that the defendant is entitled to judgment as a matter of law.
rr is therefore ordered that the defendant’s motion for summary judgment is granted, the plaintiffs cross-motion is denied, and the petition is dismissed.