*649 This procurement contract case comes before this court on the parties’ cross-motions for summary judgment and on defendant’s counterclaim. Plaintiff contracted with defendant to construct a service station at Walter Reed Army Medical Center, Forest Glen, Maryland. Plaintiff contends that its termination for default should be changed to a termination for convenience of the Government. Plaintiffs appeal consists of two parts: (1) it seeks Wunderlich Act review, 41 U.S.C. §§ 321, 322 (1976), of a decision of the Armed Services Board of Contract Appeals (Board) denying this claim; and (2) plaintiff seeks review under the Contract Disputes Act of 1978, Pub. L. No. 95-563, 92 Stat. 2383, 41 U.S.C. § 601 et seq. (Supp. II 1978) (the Act), of a decision of the contracting officer, which determined the quantum of plaintiffs reprocurement costs. Defendant urges approval of the Board’s decision and also counterclaims against plaintiff for excess reprocurement costs in the amount of $164,358.84.
We conclude that the Board’s decision was neither arbitrary, nor capricious, was supported by substantial evidence, and was correct as a matter of law. Because the defendant’s reprocurement indebtedness claim (as to quantum) was still pending before the contracting officer after March 1, 1979, the Contract Disputes Act is applicable to that claim, but only as to the quantum determination.
Under Contract No. HQ 75-PRS-039, dated April 17, 1975, plaintiff agreed to construct a three bay service station at Walter Reed Army Medical Center, Forest Glen, Maryland. The scheduled completion date was December 16, 1975. During performance of the contract, a variety of disputes arose regarding various aspects of plaintiffs performance.
In a "show cause” letter dated April 12, 1976, the contracting officer directed plaintiff to perform specific corrective actions with regard to four areas under construction. The letter advised that should plaintiff fail to comply with the directives, its contract could be terminated for default. Plaintiff failed to comply and the contracting officer, by letter dated May 12, 1976, terminated plaintiffs contract for default. The default was based on plaintiffs *650 failure to correct the: (1) canopy, (2) paving, (3) piping, and (4) sand backfill.
Plaintiff appealed the contracting officer’s default termination to the Board; however, plaintiff did not challenge the propriety of the reprocurement or its liability therefor. The Board decided in favor of the Government, finding that the plaintiffs failure to correct the canopy, paving, and piping constituted a proper basis upon which to terminate the contract for default; it found that default with respect to the fourth ground, sand backfill, was premature. Plaintiffs motion for reconsideration was denied.
By letter dated October 22, 1979, the contracting officer advised plaintiff of the total amount of its reprocurement indebtedness: $164,358.84. This letter noted that it was a "final decision” regarding plaintiffs indebtedness; however, it did not inform plaintiff of its appeal rights. Plaintiff then filed suit here, challenging both the Board’s decision and the contracting officer’s decision of October 22, 1979.
The Board concluded that plaintiffs failure to correct the canopy, paving, and piping system constituted a proper basis upon which to terminate the contract for default and we are not convinced that the Board’s decision was fraudulent or capricious or arbitrary or so grossly erroneous as necessarily to imply bad faith or not supported by substantial evidence. Under Wunderlich standards, we uphold the Board’s decision.
The contracting officer had ample authority under the contract to issue directives in connection with performance of the contract. We find that the directives issued herein were amply justified by the contract. Plaintiff was under a duty to follow these directives. Instead, plaintiff simply chose to ignore them. The Board correctly found that plaintiffs refusal to perform and abandonment of its duties were adequate bases for termination for default. See American Dredging Company v. United States, 207 Ct.Cl. 1010, 1013 (1975).
We next discuss plaintiffs appeal of the contracting officer’s final decision dated October 22, 1979. The subject of that decision was the issue of quantum, not liability, of the excess reprocurement costs.
*651 Plaintiff contends that it is entitled to a trial de novo in this court on the appeal of the October 22, 1979 final decision pursuant to section 10(a)(1) of the Contract Disputes Act. We agree with plaintiff that the Contract Disputes Act is applicable to the October 22, 1979 final decision, and plaintiff may appeal here de novo, but only on the issue of quantum of the excess reprocurement costs.
The quantum claim was not a subject of the contracting officer’s final decision dated May 12, 1976, concerning Tester’s reprocurement liability. The contracting officer rendered his final decision determining the Government’s reprocurement damages almost eight months after the Act’s effective date of March 1, 1979. Therefore, the quantum claim was still pending before the contracting officer after the effective date of the Act and plaintiff may elect to proceed thereunder. See Monroe M. Tapper v. United States, 222 Ct.Cl. 34, 611 F.2d 354 (1979). The Act provides that "in lieu of appealing the decision of the contracting officer under § 6 to an agency board, a contractor may bring an action directly on the claim in the United States Court of Claims.”
Plaintiff challenges many of defendant’s excess repro-curement expenses. Included in the total amount, plaintiff alleges, are costs that are clearly excessive and beyond the scope of the original contract.[1] We think that plaintiff has raised a triable issue as to these matters.
Accordingly, after consideration of the record and submissions of the parties, without oral argument of counsel, plaintiffs motion for summary judgment is denied. Defendant’s motion for summary judgment is denied. This cause is hereby remanded to the Trial Division for further appropriate proceedings concerning the issue of the Government’s reprocurement damages.
Plaintiffs motion for rehearing was denied May 15, 1981.

 All other arguments raised by the parties, though not directly addressed by this order, have been examined and found to be without merit.