This construction contract case is before the court on cross-motions for summary judgment. Plaintiff contracted with the Post Office Department to build a postal facility in Oakland, California. At the completion of the construction, the Post Office Department was to lease the facility at an agreed rental. Plaintiff seeks Wunderlich Act review of a decision of the Postal Service Board of Contract Appeals (the Board) which denied three of plaintiffs claims.
We conclude that the Board’s decision on the first claim, which involves the recovery of interest as a part of the cost of contract performance, must be remanded to the Board with instructions to make additional findings of fact and conclusions of law.
Plaintiffs second claim is for interest at 8.5 percent on the value of its funds invested in the project, amounting to $134,361.56. The third claim is for interest on an award of damages by the Board and is based on the contention that the Contract Disputes Act of 1978 is applicable. Only questions of law are involved in these claims, and we hold that the Board’s decision thereon is correct as a matter of law, and should be affirmed.
The contract provided that all costs of construction were to be borne by the plaintiff, and that its compensation was to be provided through the rental payments. The contract *730 also stated that the Post Office Department, through a separate contractor, would install a mechanical mail processing system, and if the mechanization work was not completed in time, the Post Office Department would have the option either to accept the building and execute the lease, or order plaintiff to suspend work. Clause 44 of the agreement (suspension of work clause) provided that if without fault or negligence of the plaintiff, the performance of any part of the work was ordered suspended, delayed or interrupted for any unreasonable period of time, the contracting officer would make an adjustment for any increase in the cost of performance (excluding profit) necessarily caused by the unreasonable period of such suspension of work, delay or interruption.
Plaintiff claimed compensation for delay and disruption costs caused by the mechanization contractor and in proceedings before the Board, the parties stipulated that the Post Office Department had ordered a suspension of work for a period of 3-% months from September 15, 1969 to December 31, 1969. They also agreed that the lease which should have begun on September 15, 1969, actually began January 1, 1970. The Board determined that the plaintiff was entitled to recover the costs it had incurred as a result of the 3-% month delay and awarded plaintiff the sum of $250,567, which the parties stipulated was the amount of plaintiffs "direct costs.”
I.
Claim for Increased Interest As a Cost of Performance
The Board found that during the 3-% month period of delay, plaintiff had two outstanding loans—one for $17 million with the New York Bank for Savings, and one with the Chemical Bank in the amount of $1 million which, during the delay period, was increased to $2 million. The parties stipulated that interest on the $17 million loan during the delay amounted to $282,625. The Board also found that the funds from the Chemical Bank loan were commingled with other funds and were not maintained in a separate account for the Oakland facility. However, the *731 Board concluded that these funds were also used exclusively for the construction of the Oakland facility. The Board found that the Government had not contested plaintiffs claim that the interest paid on that loan during the delay period was $29,358. The Board also found that except for the fact that the loans continued to run and that plaintiff continued to pay interest on them, plaintiff presented no evidence showing that there was a change in its borrowing as a result of the delays.
The Board discussed this court’s decision in Bell v. United States, 186 Ct. Cl. 189, 404 F.2d 975 (1968), and concluded that under that decision, extra interest paid on borrowed money during a period of delay constitutes a compensable increase in the cost of performance. The Board also summarized our decisions in Dravo Corp. v. United States 219 Ct. Cl. 416, 594 F.2d 842 (1979); Singer Co. v. United States, 215 Ct. Cl. 281, 568 F.2d 695 (1977), and Framlau Corp. v. United States, 215 Ct. Cl. 185, 568 F.2d 687 (1977). The Board then concluded, that as a result of these later decisions, it is the present position of the court "that a contractor is entitled to receive payment for interest on borrowings only when the contractor clearly demonstrates that its borrowings were incurred or increased as the direct result of a requirement for additional funds to finance a contract change or a Government-caused delay.” We hold that the Board has misconstrued our decision in the cited cases; that our decision in Bell has not been modified or limited, and that under the suspension of work clause, the contractor is entitled to recover extra interest paid or incurred on existing loans as a direct result of the Government’s delay. Therefore, if it is found that plaintiff was required to pay or that it incurred additional interest on either or both of its outstanding loans as a direct result of the 3-% month delay, plaintiff would be entitled to recover the amount of interest so paid. On the other hand, if it is found that in view of plaintiffs loan arrangements and other circumstances, plaintiff would have paid or incurred the claimed interest on either or both of the loans even if the delay had not occurred, plaintiff would not be entitled to recover.
*732 We have reviewed the evidence in the administrative record and find that the court cannot make the findings of fact and conclusions of law which are necessary to resolve the issue. The question must therefore be remanded to the Board in order that it may make such additional findings of fact and conclusions of law as may be required.
II
Claim for the Value of the Use of Plaintiffs Invested Capital. During the Period of Delay
The Board determined that plaintiff had "committed approximately $5 million of its own funds in connection with the contract work,” but it made no finding as to the value of the use of these funds during the period of delay. Plaintiff claimed that these funds were impounded on the project during the delay period and that it is entitled to recover the sum of $134,361.56 for the value of the use of its funds, computed at an interest rate of 8.5 percent.
Relying on Dravo, the Board held that it had no authority to allow any recovery on the claim. We hold that the Board’s decision is correct as a matter of law and should be upheld. The use of equity capital is generally regarded as an element of profit. Ingalls Shipbuilding Division, Litton Systems, Inc., ASBCA No. 17579, 78-1 BCA 13,038; Lockheed Shipbuilding and Constr. Co., ASBCA 18460, 77-1 BCA 12,458; Baifield Industries, Division of A-T-O, ASBCA Nos. 13413, 13555, 17241, 77-1 BCA 12,308. The suspension of work clause contained in the contract before us expressly excludes any allowance for profit. In view of this contractual provision and 28 U.S.C. § 2516(a), we hold that plaintiff is not entitled to recover any compensation for the use of its risk capital during the period of delay. Dravo and Framlau, supra; Owen L. Schwam Constr. Co., Inc., ASBCA 22407, 79-2 BCA 13,919.
*733 III.
Claim for Interest on the Board’s Award
Plaintiff asserts that the Contract Disputes Act of 1978 is applicable and therefore that the Board erred as a matter of law in denying its claim for interest on the Board’s award of $250,567. As the Board found, the case reached it as a result of the plaintiffs appeal from the contracting officer’s final decisions of June 17,1976, October 27,1976, and November 14,1976. The Contract Disputes Act of 1978, Pub. L. No. 95-563, 92 Stat. 2383, became effective on March 1,1979. In its letter of August 13, 1979, plaintiff gave notice that it elected to proceed under that Act. Plaintiff claims that since the contracting officer held that he had no jurisdiction over plaintiffs claims, the issues were never before him. Plaintiff further argues that when the Board makes an award in favor of the contractor, the case is remanded to the contracting officer for payment or other appropriate action and therefore plaintiffs claim is still pending before the contracting officer within the meaning of the Contract Disputes Act of 1978.
Relying on Troup Bros., Inc., v. United States, 221 Ct.Cl. 850 (1979), and Monroe M. Tapper & Associates v. United States, 222 Ct. Cl. 34, 611 F.2d 354 (1979), the Board denied the claim on the ground that the Act does not apply to disputes arising from contracting officers’ final decisions issued prior to the effective date of the Act. This holding is plainly correct and is affirmed.
IV.
In plaintiffs rebuttal to defendant’s response, filed June 19, 1981, plaintiff is apparently asserting a claim for the delay of 3-/4 months in the commencement of rents due it. If it is intended as such, we give it no consideration, because this is the first time that the claim has been made, either before the Board or before the court.
*734 V.
It follows from the foregoing that plaintiffs and defendant’s motions for summary judgment are denied with respect to the claim discussed in Part I above, and that claim is hereby remanded to the Board with instructions to make additional findings of fact and conclusions of law thereon. In its discretion, the Board may utilize the existing administrative record for that purpose or permit the parties to offer additional evidence.
With respect to the claims discussed in Parts II and III above, defendant’s motion for summary judgment is granted; plaintiffs cross-motion for summary judgment is denied, and the Board’s decision is affirmed.
July 2, 1981
SUPPLEMENTAL ORDER
1. Since plaintiffs’ claim for interest paid during the 3- % month period of delay to the New York Bank for Savings and the Chemical Bank was remanded to the Postal Service Board of Contract Appeals by the order of June 26, 1981, the provisions of Rule 149 become applicable.
it is therefore ordered that proceedings before this court will be stayed for a period of 6 months from June 26, 1981. Plaintiffs’ counsel is designated to advise the court, at intervals of 90 days, by letter to the Trial Judge of the status of the remand proceedings. Attention of counsel and the Board is also directed to Rule 150.
2. The Board’s decision on plaintiffs’ claims for the value of the use of its invested capital during the period of delay and for interest on the Board’s award of $250,567, was affirmed by the order of June 26,1981.
it is therefore ordered that plaintiffs’ amended petition with respect to these claims is hereby dismissed.