The TESTER CORPORATION

v.

The UNITED STATES.

No. 191–80C.

United States Claims Court.

Jan. 21, 1983.

4. 1 Cl.Ct. 253. *Grimberg* was affirmed, 702 F.2d 1362.

Marvin P. Sadur, Washington, D.C., for plaintiff.

Robert G. Giertz, Washington, D.C., with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant.

## MEMORANDUM OPINION

LYDON, Judge:

This case is before the court on plaintiff's "Motion For Withdrawal Of Defense" and defendant's "Motion For The Entry Of Judgment." Both motions are allowed.

Plaintiff's petition, filed on April 23, 1980, in the United States Court of Claims, challenged a determination by the Armed Services Board of Contract Appeals (ASBCA) upholding the Contracting Officer's default termination of a construction contract plaintiff had entered into with the Army and Air Force Exchange Service. The contract in question called for the construction of a service station, and related work, at the Walter Reed Army Medical Center in Forest Glen, Maryland. Defendant subsequently filed its amended answer wherein it asserted, *inter alia,* a counterclaim to recover from plaintiff excess costs of $164,358.84 that the government allegedly incurred in reprocurement and comple-

tion of plaintiff's defaulted contract. Plaintiff, in its "Answer to Counterclaim" filed on October 3, 1980, set forth a number of defenses to defendant's counterclaim and prayed that said counterclaim be dismissed with prejudice. Plaintiff's motion, described above, seeks to withdraw its reply or answer to defendant's counterclaim.[1]

On April 7, 1981, the Court of Claims, under Wunderlich Act standards of review upheld the ASBCA decision that termination of plaintiff's contract for default was legally and factually correct. *Tester Corp. v. United States,* 227 Ct.Cl. 648 (1981). In its opinion, the Court of Claims remanded the case "to the Trial Division for further appropriate proceedings concerning the issue of the Government's reprocurement damages."

Defendant, on March 15, 1982, submitted its compliance with the Standard Pretrial Order On Quantum, which had been issued on January 27, 1982. In its submission, defendant stated that its reprocurement costs were $143,007.60 and not $164,358.84 as alleged in its counterclaim. Plaintiff's compliance with this pretrial order was pretermitted by the partial motion for summary judgment filed by plaintiff (*see* note 1, *supra*) and by plaintiff's present motion now under consideration. Plaintiff, accordingly, has filed no response to the pretrial order on quantum.

There is no reason why plaintiff's motion to withdraw its reply and defenses to defendant's counterclaim should not be granted. As a result, plaintiff's motion to withdraw its reply and defenses to defendant's counterclaim is allowed and said pleading by plaintiff, designated "Plaintiff's Answer To Counterclaim," is hereby deemed withdrawn.

▮ Defendant's well pleaded counterclaim now stands unchallenged. Accordingly, the factual averments of this counter-

---

1. Plaintiff, in its motion, advises that The Tester Corporation, plaintiff herein, is no longer in existence and is without funds to prove the defenses it has asserted against defendant's counterclaim or to challenge the positions taken by the government and the position taken by this court in a recent ruling on plaintiff's motion for partial summary judgment on certain cost items which are part of defendant's counterclaim. *See Tester Corp. v. United States,* 1 Cl.Ct. 370 (Cl.Ct.1982), 1 FPD ¶ 15.

claim can reasonably be accepted as established. *See Alloy Products Corp. v. United States,* 157 Ct.Cl. 576, 376, 382–83, 302 F.2d 528, 531–32 (1962); *see also Benjamin v. United States,* 172 Ct.Cl. 118, 147, 348 F.2d 502, 522 (1965). With the withdrawal of plaintiff's defenses and objections to defendant's counterclaim, defendant has requested that judgment be entered in its favor for $143,007.60,[2] plus interest from October 22, 1979, the date of the contracting officer's final decision, to the date of payment.[3]

With the allowance of plaintiff's motion to withdraw its defenses and objections to defendant's counterclaim, defendant's motion for entry of judgment is granted with judgment of $143,007.60 to be entered for defendant. Defendant is not entitled to recover interest on the amount set forth above. Plaintiff's complaint is to be dismissed.

2. In pleading its counterclaim, defendant sought to recover $164,358.84. In its motion, defendant seeks a judgment of $143,007.60. The difference between these two figures is $21,351.24. For purposes herein, defendant is deemed to have waived its right to recover this $21,351.24 differential. *See Briscoe v. United States,* 194 Ct.Cl. 866, 876, 442 F.2d 953, 959 (1971). Defendant, however, has not waived its right to recover $143,007.60. *See Id.* 194 Ct.Cl. at 886, 442 F.2d at 965.

3. The awarding of interest as part of an excess cost assessment is discretionary with the court. *Astro-Space Labs., Inc. v. United States,* 200 Ct.Cl. 282, 312, 470 F.2d 1003, 1020 (1972). The government has offered no reasons why it should be awarded interest in this case. Whether interest will be awarded depends on equitable factors. In this case, plaintiff is no longer in business and is allegedly without assets to continue this litigation. Further, there is no evidence plaintiff acted in bad faith in proceeding with this litigation. It is therefore concluded that defendant is not entitled to interest on the excess cost assessment to be allowed as a judgment herein. *See Stoeckert v. United States,* 183 Ct.Cl. 152, 167, 391 F.2d 639, 648 (1968).