## KLOCHKO EQUIPMENT RENTAL COMPANY, INC.

### v.

### The UNITED STATES.

### No. 289–82C.

United States Claims Court.

July 6, 1983.

Richard J. Langs, Detroit, Mich., for plaintiff. E. Philip Adamaszek and Langs, Schatzberg, Patterson & Langs, Detroit, Mich., of counsel.

Robert Giertz, Washington, D.C., with whom was Asst. Atty. Gen., J. Paul McGrath, Washington, D.C., for defendant.

## MEMORANDUM OPINION

SPECTOR, Senior Judge.

In its original petition, plaintiff sought an equitable adjustment in contract price and time, damages for delays, and acceleration costs under its contract with the United States Army Corps of Engineers for repair of the Stony Island Compensating Dike in the Detroit River. It is not necessary at this stage of the proceeding to treat with the 12 counts set forth in that petition, nor with the contract provisions on which those various counts rest.

Defendant moved for summary judgment and for dismissal of the petition charging failure to comply with the Contract Disputes Act of 1978[1] which became effective on March 1, 1979, and which applies to any contract claim pending before the contracting officer on the effective date of the Act, or initiated thereafter.[2] The motion is specifically directed to section 6(c)(1) of the Act which provides that:

> * * * For claims of more than $50,000, the contractor shall certify that the claim is made in good faith, that the supporting

---

1. 41 U.S.C. § 601 et seq., Pub.L. 95–563, 92 Stat. 2383.

2. 41 U.S.C. § 601 note, Pub.L. 95–563, § 16.

data are accurate and complete to the best of his knowledge and belief, and that the amount requested accurately reflects the contract adjustment for which the contractor believes the government is liable.

The claims submitted to the contracting officer and substantially denied by him aggregated more than $50,000, namely, $349,043.19. When submitted to the contracting officer, the claims did not include the language above quoted with respect to accuracy and completeness. They were nevertheless reviewed and decided and the contracting officer's decision further advised plaintiff that it could thereafter appeal to the Corps of Engineers Board of Contract Appeals, or in the alternative file suit in the United States Court of Claims, predecessor of this court.

Plaintiff's original petition had recited that "its *formal* claims" (emphasis supplied) were submitted to the contracting officer on June 11, 1980. Because this was after the effective date of the Act (March 1, 1979), defendant filed this motion for summary judgment and dismissal on the strength of decisions of the United States Court of Claims [3] which hold that "(1) certification of a claim pursuant to section 6(c)(1) of the Contract Disputes Act of 1978 (act) [footnote omitted] is a jurisdictional prerequisite to a direct challenge in this court of a contracting officer's decision, and that (2) the Government may not be estopped, by an asserted 'waiver' by the contracting officer, of that statutory requirement, to claim that the proper certification is lacking." [4]

Plaintiff's response to defendant's motion for summary judgment was accompanied by a motion to amend its petition to show that the original petition, where it alleged submission of "its formal claims" on June 11, 1980, was not correct. Plaintiff's various claims, it is now alleged, were submitted to the contracting officer during performance of the contract in 1978 and 1979, and prior to the effective date of the Act, March 1, 1979. The reference to June 11, 1980, in the original petition, it is alleged, was to the date when plaintiff requested a contracting officer's decision on its then pending claims.

The contracting officer's decision of June 12, 1981, appears to acknowledge this fact. It states:

\* \* \* In the course of construction, the Contractor submitted several claims for equitable adjustment of the contract price and for additional time (Exhibit 2), culminating in a formal request on 11 June 1980 for a Contracting Officer's Decision on the contract disputes (Exhibit 3).

In any event, the court's Order of March 30, 1983, provides that:

\* \* \* Plaintiff's Motion to Amend Petition is ALLOWED. (*See* Rule 15). Plaintiff shall file its amended pleading forthwith.

Defendant shall have 30 days within which to file an Answer, if desired. In the alternative, defendant may indicate that it intends to rely on its previously filed motion, denominated "Motion for Summary Judgment," [1] or file a Motion to Dismiss addressed to plaintiff's Amended Petition when filed.

\*       \*       \*       \*       \*   .   \*

[1] Defendant's motion is grounded on lack of subject matter jurisdiction, and will be treated as a Motion to Dismiss under Rule 12(b)(1).

---

3. *Paul E. Lehman, Inc. v. United States,* 230 Ct.Cl. ——, 673 F.2d 352 (1982); *W.H. Moseley Co. v. United States,* 230 Ct.Cl. ——, 677 F.2d 850, *cert. denied,* —— U.S. ——, 103 S.Ct. 81, 74 L.Ed.2d 77 (1982).

4. *Moseley,* note 3, *supra,* 230 Ct.Cl. at ——, 677 F.2d at 851. General Order No. 1, 1 Cl.Ct. Rules 1 (1982), provides that:

"The United States Claims Court inherits substantially all of the jurisdiction, caseload and grand tradition of the United States Court

of Claims. To insure continuity in carrying out the business of the court, and to promote the interests of justice and service to the public, it is ordered as follows:

(1) All published decisions of the United States Court of Claims are accepted as binding precedent for the United States Claims Court, unless and until modified by decisions of the United States Court of Appeals for the Federal Circuit or the United States Supreme Court."

Plaintiff thereafter filed its Amended Petition, and defendant filed its Answer thereto. Defendant has not, however, amended nor withdrawn its "Motion for Summary Judgment" (treated as a Motion to Dismiss) nor has it filed any new motions. Rather it stands on its original motion which was addressed to the original petition, a petition which has now been corrected and superceded.

In now deciding defendant's Motion for Summary Judgment (treated as a Motion to Dismiss), it must be assumed that the facts alleged in the Amended Petition are correct, and that defendant is urging that the Amended Petition must nevertheless be dismissed for lack of subject matter jurisdiction even assuming the facts alleged therein to be true.

If one assumes those alleged facts to be established, however, the grounds for defendant's motion no longer exist. If the claims were submitted to the contracting officer during the course of performance of the contract and prior to the effective date of the Contract Disputes Act on March 1, 1979, they need not have included the language above quoted with respect to accuracy and completeness because that language was for the first time introduced by that Act.

It is the holding of *Folk Construction Co. v. United States*[5] that claims submitted prior to the effective date of the Act need not carry that language regarding accuracy and completeness of the claim. It is equally clear, based on the holding in *Monroe M. Tapper & Associates v. United States*[6] and the language of the Act itself that plaintiff may elect to file in this court with respect to any claims "pending before the Contracting Officer on the effective date of the Act". These claims clearly were then pending.

The foregoing considered, defendant's Motion for Summary Judgment must be, and hereby is, Denied.[7]

[redacted]

5. 226 Ct.Cl. 602 (1981).

6. 222 Ct.Cl. 34, 611 F.2d 354 (1979).

7. It is regrettable that the Act, obviously designed to regularize and render more efficient and fair the procedures for the resolution of claims and disputes relating to Government contracts, has in practice resulted in this type of procedural delay and frustration in reaching the merits of such claims and disputes.