S.S. SILBERBLATT, INC.

v.

The UNITED STATES.

No. 209–76.

United States Claims Court.

Nov. 8, 1983.

As Amended Nov. 9, 1983.

Douglas P. Null, Westbury, N.Y., atty. of record for plaintiff. Null & Null, Westbury, N.Y., of counsel.

R. Anthony McCann, Washington, D.C., with whom was Asst. Atty. Gen., J. Paul McGrath, Washington, D.C., atty. of record for defendant.

## OPINION

LYDON, Judge:

In this Wunderlich Act review case (68 Stat. 81, 41 U.S.C. §§ 321–22 (1976), plaintiff challenges a decision by the Postal Service Board of Contract Appeals (Board) denying plaintiff's claim for interest as part of the cost of contract performance. Both parties have moved for summary judgment. Upon consideration of the briefs of the parties, and after oral argument, it is concluded that defendant's motion for summary judgment should be granted.

Plaintiff was the successful bidder on a contract to construct and thereafter lease a Postal facility in Oakland, California, on February 9, 1966. Upon completion of construction of the facility, it was to be leased to the Postal Service for a period of 30 years, with renewal and purchase options.

During construction of the facility, plaintiff was delayed some 3½ months. It was subsequently determined by the Board that plaintiff was entitled to recover, under the Suspension of Work clause of the contract, the costs it had incurred as a result of this 3½ month delay. However, the Board denied plaintiff's claim for interest costs on two outstanding loans, which were in existence during the delay period, on the ground plaintiff had presented no evidence showing that there was a change in its borrowing as a result of the above-mentioned delay. *S.S. Silberblatt, Inc.,* PSBCA No. 297, 80–1 BCA ¶ 14,263, 70,254, 70,761 (1980).

On review of the Board's decision, *supra,* the United States Court of Claims, by Order dated June 26, 1981, 228 Ct.Cl. 729, remanded the interest claim to the Board with instructions to make additional findings of fact and conclusions of law as may be required. The Court of Claims, in its Order, framed the issue for Board consideration in pertinent part as follows:

* * * [U]nder the suspension of work clause, the contractor is entitled to recover extra interest paid or incurred on existing loans as a direct result of the Government's delay. Therefore, if it is found that plaintiff was required to pay or that it incurred additional interest on either or both of its outstanding loans as a direct result of the 3½ month delay, plaintiff would be entitled to recover the amount of interest so paid. On the other hand, if it is found that in view of plaintiff's loan arrangements and other circumstances, plaintiff would have paid or incurred the claimed interest on either or both of the loans even if the delay had not occurred, plaintiff would not be entitled to recover.

The Board, pursuant to the remand order, held a hearing at which time the existing record was further supplemented by stipulations of fact and testimonial and documentary evidence. The Board found that with respect to the New York Bank for Savings (NYBS) loan no additional interest was incurred on said loan as a result of the delay in question.[1] Accordingly, the Board denied plaintiff's claim of $282,625 repre-

---

1. The matter remanded to the Board by the United States Court of Claims involved two loans, the New York Bank for Savings (NYBS) loan and the Chemical Bank of New York (Chemical Bank) loan. The Board held for plaintiff on the Chemical Bank loan after finding that plaintiff incurred additional interest on this loan during the delay period, and that this additional interest was a direct result of said delay. The Chemical Bank loan is no longer an issue in this case.

senting the interest plaintiff paid on said loan during the 3½ month delay period.

The construction contract in question was awarded plaintiff on February 9, 1966. On September 29, 1966, plaintiff entered into an Building Loan Agreement with NYBS for a loan of $17 million to be advanced at monthly intervals with the final advance to be made upon execution of the lease. The loan was evidenced by a Note which was secured by a Deed of Trust. The Deed of Trust was incorporated by reference into the Building Loan Agreement. The Building Loan Agreement provided for repayment in accordance with the Note at an annual interest rate of 6 percent, with interest accruing from the date of each advance. Accrued interest was payable monthly with the first payment due the first day of the month following the advance. Repayment of the principal was to begin on the tenth anniversary of the final advance or March 1, 1979, whichever occurred first. Final payment on the loan was due on February 13, 1992. Plaintiff concedes that it was required to pay interest on the NYBS until 1992.

The lease on the building in question was to have been effective as of September 15, 1969. However, work on construction of the building was delayed, under a Suspension of Work order, from September 15, 1969 to December 11, 1969. As a result, the lease was executed for a term of 30 years on May 30, 1970, retroactive to January 1, 1970.

■ It is established that under the Suspension of Work clause increased interest costs on money borrowed as a direct result of delay in contract performance constitutes a reimbursable cost of performance. *See Bell v. United States,* 186 Ct.Cl. 189, 205–06, 404 F.2d 975, 984 (1968). It is fur-

ther established that additional interest incurred on existing loans as a direct result of delay in contract performance also constitutes a reimbursable cost of performance. *See S.S. Silberblatt v. United States, supra,* 228 Ct.Cl. at 731. The question before the Board, and now before the court, is whether plaintiff incurred additional interest on its NYBS loan as a direct result of the 3½ month delay. The matter is essentially a fact question. Under such circumstances, resolution by the Board of factual disputes is entitled to finality where supported by substantial evidence and not otherwise subject to Wunderlich Act disabilities. *Arundel Corp. v. United States,* 207 Ct.Cl. 84, 97–98, 515 F.2d 1116, 1123–24 (1975).

■ Plaintiff's position is that the NYBS loan should be considered to be two separate borrowings for two distinct periods, the construction period and the building operations period.[2] Plaintiff presented expert testimony to the Board which was based on this separate borrowing approach. Plaintiff's expert concluded that since the construction period was delayed, he felt plaintiff had paid extra interest on the NYBS loan. However, he conceded that if the loan were to be paid off at the maturity date, the total interest on the NYBS loan would not increase. The Board was not persuaded by the conceptual, philosophical and technical presentation of the plaintiff's expert since he could not show that there was an overall increase in interest costs under plaintiff's loan arrangements with NYBS resulting from the delay in question. A review of the record supports the Board's findings and conclusion relative to its rejection of the expert's conceptualized theory of recovery. *See Arundel Corp. v. United States, supra,* 207 Ct.Cl. at 99, 515 F.2d 1124.

2. There is little support in the record for viewing the loan as separate borrowings covering two distinct periods. First, plaintiff's loan payment obligation to NYBS makes no distinction between construction and building operation financing. Second, terms of both the construction and building operation financing are governed by the same documents. Third, the rate of interest on the loan (6 percent) remained constant. Fourth, financing for both periods is secured by the same Deed of Trust, governed by the same Note and made by the same lender. Finally, the maturity date of the Note was not affected by the completion of the construction phase of the contract and the beginning of the operational or leasing phase of the contract, and more importantly, was not affected by the delay of the construction work.

In its brief and at oral argument, plaintiff, in effect, concedes that there was no actual increase in its interest costs under the NYBS loan as a result of delay. Instead, plaintiff argues that it was deprived of rental revenue because of the delay in that the building if leased on September 15, 1969, as scheduled would have produced rental revenues during the delay period. Implicit in plaintiff's argument is the view that the lost rental revenue, if received during the 3½ month delay period, might have been used to pay, in whole or in part, the monthly interest due on the NYBS loan. However, a claim for loss of rental income is far different than a claim for additional interest costs. It seems clear from plaintiff's brief and from oral argument, although plaintiff disavows it, that plaintiff's claim really is one for loss of rental income. It has been held that loss of rental income in circumstances similar to those present in this case is not an additional cost of performance of the contract. *See Coley Properties Corp. v. United States,* 219 Ct.Cl. 227, 236, 593 F.2d 380, 385–86 (1979).

The Board's determination that plaintiff would have incurred and would have paid the claimed interest on the NYBS loan even if the delay in question had not occurred is supported by substantial evidence and is otherwise correct as a matter of law. Plaintiff has to meet a heavy burden of establishing that, on the record before the Board, the Board's findings are not supported by substantial evidence. *Koppers v. United States,* 186 Ct.Cl. 142, 147–51, 405 F.2d 554, 556–59 (1968). Plaintiff has failed to show that the record before the Board does not support the Board's findings and conclusion. *Sundstrand Turbo v. United States,* 182 Ct.Cl. 31, 60, 389 F.2d 406, 422–23 (1968). Under the circumstances, plaintiff is not entitled to recover. *See H.N. Bailey & Associates v. United States,* 196 Ct.Cl. 166, 184–85, 449 F.2d 376, 387 (1971).

For reasons set forth above, defendant's motion for summary judgment is granted, with plaintiff's amended petition [complaint] to be dismissed.