Paul **OPALACK**, formerly trading as Opalack & Company and Randall H. Ritchey and David L. Cotton

v.

The **UNITED STATES**.

No. 618–81C.

United States Claims Court.

June 21, 1984.

Pamela J. White, Baltimore, Md., attorney of record, for plaintiffs. Jervis Spencer Finney and Ober, Kaler, Grimes & Shriver, Baltimore, Md., of counsel.

Beacham O. Brooker, Jr., Washington, D.C., with whom was Asst. Atty. Gen., J. Paul McGrath, Washington, D.C., for defendant.

### ORDER

SPECTOR, Senior Judge.

The May 15, 1984 decision in the above-captioned case disposed of Cross-Motions

---

**29.** 227 Ct.Cl. 648 (1981).

**30.** 41 U.S.C. § 605(b).

**31.** 41 U.S.C. § 606.

for Summary Judgment and concluded that the termination for default of plaintiffs' contract was proper.

Long after the contracting officer's decision terminating the contract by reason of default, he had issued a second decision asserting a claim in the amount of $942,686.30 against plaintiffs for the alleged excess costs of reprocuring the remaining services to be performed under the defaulted contract. The contracting officer's decision was annexed to defendant's earlier-mentioned cross-motion for Summary Judgment. It was also incorporated into an Amended Answer which defendant was permitted to file. The Amended Answer asserts a counterclaim in this court for the excess costs claimed in that second contracting officer's decision.

In the court's aforementioned decision of May 15, 1984, no action was taken on the counterclaim because the record showed that the second contracting officer's decision was issued after the effective date of the Contract Disputes Act,[1] and was therefore governed by that Act. The Act would permit plaintiffs to appeal that second contracting officer's decision to the agency's board of contract appeals, or to proceed directly in this court.[2] Because the record was silent on whether or not plaintiffs had elected to appeal to the agency's board of contract appeals, and to avoid the possibility of duplicate proceedings on the counterclaim, counsel were asked in the May 15, 1984 decision to advise within thirty days whether or not the contracting officer's claim for excess costs had been appealed.

Counsel have responded that there is no record of an administrative appeal of the second contracting officer's decision, and both agree that proceedings on defendant's counterclaim should continue in this court. The counterclaim is therefore deemed to be before the court on the basis of defendant's Amended Answer as above-described, and plaintiffs' reply thereto.[3]

On May 26, 1982, the court (over plaintiffs' objection) granted defendant's motion to suspend discovery proceedings. The motion was granted "without prejudice to plaintiffs' right to move to compel" discovery after disposition of the Cross-Motions for Summary Judgment.[4] It is now appropriate to proceed with the discovery which was then pending.

Accordingly, defendant shall respond to plaintiffs' pending interrogatories within 30 days of the date hereof. Within 45 days, counsel shall submit a proposed discovery plan for consideration by the court.

---

1. See Note 2, decision of May 15, 1984.

2. See notes 31–2, decision herein May 15, 1984.

3. See and cf. *Tester Corp. v. United States*, 1 Cl.Ct. 368; 1 Cl.Ct. 370 (1982).

4. Which have now been disposed of in the court's decision of May 15, 1984.