The plaintiff seeks Wunderlich Act review of a decision of the Corps of Engineers Board of Contract Appeals, arising out of a contract to rehabilitate the exterior walls of the Veterans Administration Hospital in Boston, Massachusetts. Plaintiff alleges that it encountered changed conditions resulting from grossly defective specifications based on assumptions, which the Government knew to be false, regarding the condition of the building. Plaintiff claims it incurred additional costs in having to redesign the curtain wall and to perform out-of-sequence work, and asserts that there was a constructive suspension of the work and an improperly ordered acceleration. Plaintiff also seeks review of modifications unilaterally issued by the Government and not accepted by plaintiff.
After a hearing limited to the issue of liability, the Board denied plaintiffs claims in their entirety. The Board found that the design for the rehabilitation of the building was deficient; that the building was out of plumb and alignment, and that the true condition of the building, which was known to the Government, was not conveyed to the contractor. Nevertheless, the Board concluded on the basis of its interpretation of certain provisions of the contract and its factual determinations, that the contractor has been fully compensated by change orders for any increased costs for which the Government is responsible.
After the filing of the parties’ cross-motions for summary judgment, Trial Judge Spector filed an exhaustive opinion which is reported in full in 24 CCF par. 81,496 (1977). In his recommended decision, he rejected most of the Board’s legal conclusions and found that many of its factual findings are unsupported by substantial evidence. He found the Government liable because of changed conditions arising out of defective plans and specifications and its failure to disclose data on latent conditions; because of the *679 Government’s suspension, delay, and interruption of the work, and because of its orders to accelerate construction. He also held that some change orders constituted an accord and satisfaction, but that on certain other change orders unilaterally issued by the Government, a remand is necessary to determine the amount of the equitable adjustments due plaintiff.
Both parties seek review of the recommended decision and we have carefully considered the administrative decision and record, the briefs of the parties, and have heard oral argument. Upon consideration thereof, we agree with the recommended decision of the trial judge and adopt the same as the basis for the court’s judgment in this case. We do, however, supplement it with the following observations.
Before the Board, the Government refused to stipulate that any changed conditions had been encountered, and during subsequent proceedings, the Government has slowly but continuously retreated from that extreme position. On this appeal, the Government has reached the point where it admits that plaintiff encountered changed conditions; that its officers failed to disclose defects which they knew plaintiff would encounter, and that the specifications provided by the Government were of the design type on which plaintiff was entitled to rely. However, the Government now takes the position that plaintiff has been fully compensated by change orders for every additional expense for which the Government is liable.
The Board’s decision refers to a number of letters written by plaintiff to its principal subcontractor, wherein plaintiff charged the subcontractor with failure to coordinate and properly supervise the work, and with other kinds of unacceptable performance. The Board’s opinion also recites other eviderice indicating that the delays and difficulties which plaintiff encountered were due to its inadequate performance. However, the Board’s decision was limited to the issue of liability and these are matters which are relevant to the quantum of recovery. We intimate no opinion on how much of the damages claimed by the plaintiff are chargeable to the Government and how much resulted from the inadequate performance of plaintiff and its subcontractors, or from other causes not attributable to *680 the Government. These are issues which will have to be decided by the Board on remand.
It is therefore ordered, that with respect to the issues relating to "changed conditions” (including defective plans and specifications and non-disclosure of data on latent conditions), with respect to the issues relating to "suspension, delay, or interruption of the work” and with respect to the issue of acceleration, plaintiffs motion for summary judgment is granted and defendant’s cross-motion for summary judgment is denied. With respect to the issues relating to "accord and satisfaction” and other claims brought under the "Changes” clause, plaintiffs motion for summary judgment is granted in part and denied in part, and defendant’s cross-motion for summary judgment is correspondingly denied in part and granted in part to the extent set forth in the recommended decision of the trial judge which has been adopted by the court.
Since the issue of quantum was not before the Board or this court, the case is remanded to the Corps of Engineers Board of Contract Appeals pursuant to Rules 149 and 150, to determine the amount plaintiff is entitled to recover in accordance with this decision. For that purpose, proceedings in this court are stayed for a period of 6 months. Counsel for plaintiff shall provide periodic advice to the trial judge as to the status of proceedings on remand.
April 27, 1979
On April 27, 1979, upon consideration of defendant’s motion for rehearing and plaintiffs response thereto, the court found that
1. The Government challenges the trial judge’s findings with respect to Contract Modification No. 44 (trial judge’s opinion at pp. 116-18) on the ground that an equitable adjustment of $3,600 was in fact paid to plaintiff. Although we have found no direct evidence of such payment in the record, an examination of the computations used to arrive at the adjustment figure pursuant to Paragraph SC-7 strongly suggests that such payment was made. We need not resolve this issue, however, because in its response *681 plaintiff says the question is moot, because plaintiff elected not to press this portion of its appeal to the Court of Claims. Since the plaintiff has abandoned this claim, the trial judge’s finding with respect thereto should be deleted.
2. The government also maintains that the trial judge’s reference on page 72 of his opinion to a detail of the contract drawings was erroneous in that the particular drawing was unrelated to the construction aspect discussed by the trial judge. Although we cannot say for certain which drawing is most appropriate to illuminate the shimming problem involved, it is clear that plaintiffs entitlement to compensation for shimming beyond what was called for in the contract drawings does not depend solely on the drawing referred to by the trial judge. He correctly found that the spandrel beams were far out of the tolerance contemplated by the drawings.
it is therefore ordered that the court’s order of March 16, 1979, which adopted the trial judge’s opinion, is hereby amended in that Section XV-B(3) of the trial judge’s opinion (pp. 116-18) is hereby deleted; and it is further ordered that defendant’s motion for rehearing is in all other respects denied.