**Maurice W. LICHTMAN, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT,
Respondent.**

**No. 87–3433.**

United States Court of Appeals,
Federal Circuit.

Jan. 4, 1988.

August G. Carloni, Los Angeles, Cal., for petitioner.

Martha H. Degraff, Dept. of Justice, Washington, D.C., for respondent. With her on the brief were Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director, Robert A. Reutershan, Asst. Director, and Sheryl L. Floyd. Of counsel was Earl A. Sanders, Office of the General Counsel, Office of Personnel Management, Washington, D.C.

Before DAVIS, Circuit Judge, BENNETT, Senior Circuit Judge, and MAYER, Circuit Judge.

BENNETT, Senior Circuit Judge.

## DECISION

Maurice W. Lichtman appeals the decision of the Merit Systems Protection Board, 33 M.S.P.R. 580 (1987), affirming the denial by the Office of Personnel Management (OPM) of Mr. Lichtman's claim for 8 percent compounded interest on the amount of the lump-sum settlement received by Mr. Lichtman following this court's decision in *Lichtman v. Office of Personnel Management,* 785 F.2d 299 (Fed.Cir.1986) (*Lichtman I*), which held him to be entitled to annuity benefits previously denied by the OPM. We affirm.

## OPINION

This court's previous decision expressly declined to decide whether interest could be recovered on the amount ultimately found to be due Mr. Lichtman because the issue "ha[d] not been adequately argued" in the prior appeal. *Lichtman I,* 785 F.2d at 303 n. 10. Thus, our silence on the issue should not and cannot be construed as then mandating anything with respect to interest. On remand following *Lichtman I,* the interest issue was decided in the negative by the OPM and the MSPB and has become the sole issue argued in this appeal.

As the OPM's initial rejection of petitioner's claim for interest points out, "[t]here is no provision in law for accrual of interest when payment of annuity benefits is delayed." Nevertheless, petitioner asserts that this court's language in *Lichtman I* that "[o]ur effort is to put Lichtman in the same position now as if he had received the lump-sum computation settlement plus the annuity payments, as he should have, in 1972" provides adequate basis upon which to base an award of interest. The petitioner also asserts that "basic fairness" and "equity" requires that payments delayed over 10 years should rightly be made with interest in order to compensate for the loss of the money that should have been received in 1972.

However, such arguments have been unsuccessfully advanced many times before. "In the absence of express congressional consent to the award of interest separate from a general waiver of immunity to suit, the United States is immune from an interest award." *Library of Congress v. Shaw,* 478 U.S. 310, 106 S.Ct. 2957, 2961, 92 L.Ed.2d 250 (1986). As was stated by the Supreme Court in *United States v. N.Y. Rayon Importing Co.,* 329 U.S. 654, 663, 67 S.Ct. 601, 606, 91 L.Ed. 577 (1947)—

> [T]he immunity of the United States from liability for interest is not to be waived by policy arguments.... Courts lack the power to award interest against the United States on the basis of what they think is or is not sound policy. We reiterate that only express language in a statute or contract can justify the imposition of such interest.

*See also Zumerling v. Marsh,* 783 F.2d 1032, 1034 (Fed.Cir.1986); *Fidelity Construction Co. v. United States,* 700 F.2d 1379 (Fed.Cir.), *cert. denied,* 464 U.S. 826, 104 S.Ct. 97, 78 L.Ed.2d 103 (1983); *United States v. Mescalero Apache Tribe,* 518 F.2d 1309, 207 Ct.Cl. 369 (1975), *cert. denied,* 425 U.S. 911, 96 S.Ct. 1506, 47 L.Ed.2d 761 (1976); *cf. Gevyn Construction Corp. v. United States,* 827 F.2d 752 (Fed.Cir.1987).

At oral argument, counsel for petitioner attempted to find support for payment of prejudgment interest by the United States in the language of 5 U.S.C. Section 1103(a) where it is stated that the functions of the Director of the OPM include "securing ... justice in the functions of the Office." We do not find the mention of "securing justice" to be express language allowing the payment of interest by OPM for delayed annuity payments. *See United States v. Thayer–West Point Hotel Co.,* 329 U.S. 585, 589, 67 S.Ct. 398, 400, 91 L.Ed. 521 (1947) (the term "just compensation" does not constitute an express provision for interest). In fact, petitioner's brief concedes that he "cannot expressly point to any applicable statute in which interest is specifically provided for" in the circumstances of this case. We agree. Therefore, the board was correct.

AFFIRMED.