NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

06-3011

LARRY L. PETERSEN,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED: April 5, 2006

_____

Before RADER, BRYSON, and GAJARSA, Circuit Judges.

PER CURIAM.

## DECISION

Larry Petersen petitions for review of a decision of the Merit Systems Protection Board, No. SF-0831-03-0493-I-4, in which the Board found that Mr. Petersen's former wife, Sharon Igarashi, is entitled to a cost of living adjustment ("COLA") in connection with her share of Mr. Petersen's monthly Civil Service Retirement System ("CSRS") annuity, and that any excess withholding by the Office of Personnel Management ("OPM") has since been paid or corrected. Because we find no legal basis for overturning the Board's decision, we affirm.

BACKGROUND

Mr. Petersen and Ms. Igarashi were divorced in September 1982, after 18 years of marriage. In the divorce order, the California Superior Court awarded a portion of Mr. Petersen's CSRS annuity to Ms. Igarashi: one-half of the total "community interest" in Mr. Petersen's federal retirement benefits. The "community interest" was calculated by dividing the number of years the two were married by the number of years that Mr. Petersen had been a participant in CSRS at the time of his retirement.

In 1997, Mr. Petersen retired from the federal government and elected to receive his CSRS retirement benefits in monthly installments. OPM notified Mr. Petersen that it had granted Ms. Igarashi's application for a portion of those benefits. Mr. Petersen requested reconsideration, asking that OPM terminate or reduce Ms. Igarashi's share, but OPM affirmed its decision. Mr. Petersen then appealed to the Board, which also affirmed. On review, this court upheld the Board's decision on all but one issue. Petersen v. Office of Pers. Mgmt., 243 F.3d 566 (Fed. Cir. 2000). Finding that OPM should have calculated Mr. Petersen's period of service in years and months, rather than in whole years, we remanded for further proceedings.

In 2001, OPM issued a new initial decision, finding that Ms. Igarashi was entitled to 22.05 percent of Mr. Petersen's annuity. OPM thus found that it should have withheld $58,687.98 between October 1, 1997 and September 30, 2001. Because it had withheld $58,887.10 during that period, OPM concluded that Mr. Petersen was due $199.12. In that decision, OPM also responded to a contrary claim by Mr. Petersen and concluded that Ms. Igarashi was entitled to COLA increases because she had been awarded a percentage of monthly payments in the 1983 divorce order. As explained by

OPM, the pertinent regulation, 5 C.F.R. § 838.622(b)(1), provides that a former spouse's share of an annuity will be adjusted accordingly when a court awards the former spouse a portion of the annuity based on a percentage, fraction, or formula.

Mr. Petersen again requested reconsideration. He argued that Ms. Igarashi was not entitled to COLAs and that OPM owed him $264.99, based on a 22.50 percent rate, not the 22.05 percent used in OPM's calculations. Mr. Petersen also claimed that he was entitled to interest on the $264.99.

In July 2003, OPM issued its reconsideration decision. OPM affirmed its initial decision and explained that an audit of Mr. Petersen's file revealed that retroactive COLA allowances had increased his monthly annuity. As a result, OPM found that it should have withheld $58,707.90 between October 1, 1997, and September 30, 2001, and that Mr. Petersen was therefore due $179.20, not $199.12. Because at that point OPM had already paid $199.70 to Mr. Petersen over two payments, OPM concluded that it had overpaid Mr. Petersen $20.50. OPM waived its right to recover the overpayment. OPM also concluded that no interest was payable on the amount Mr. Petersen had received and that Ms. Igarashi was entitled to COLAs in accordance with 5 C.F.R. § 838.622(b)(1)(ii). Mr. Petersen appealed to the Board.

The administrative judge assigned to the case found that OPM understood and properly applied the California court's 1983 divorce order. Acknowledging that the order did not specify that Ms. Igarashi would receive COLA increases, the administrative judge explained that "5 C.F.R. § 838.622(b)(1)(ii) provides that, where a former spouse is given a portion of monthly annuity on a percentage or fraction basis, COLA's will be included unless the order specifically provides otherwise." Finding that the order "did

not specify that COLA's were excepted from the formula," the administrative judge concluded that Ms. Igarashi is entitled to an adjustment. The administrative judge also found that OPM's calculation of the amount overwithheld ($179.20) was correct and that there was no authority that entitled Mr. Petersen to interest on that amount. The administrative judge further addressed Mr. Petersen's newly raised claims of age and sex discrimination by OPM and concluded that OPM's alleged failure to respond to Mr. Petersen's letters "would not by itself be sufficient to support a finding of discrimination."

The full Board denied Mr. Petersen's petition, but reopened the case to correct an error in the calculation of Ms. Igarashi's share of the annuity. The Board explained that OPM had erroneously translated Mr. Petersen's period of 40 years and 8 months of federal service as 40.8 years. The Board therefore recalculated Mr. Petersen's years of service as 40.6667 and concluded that Ms. Igarashi is entitled to 22.13 percent of Mr. Petersen's annuity. As a result, the Board found that OPM had underpaid Ms. Igarashi (i.e. underwithheld from Mr. Petersen's monthly annuity) in the amount of $33.84 for the period between October 1997 and September 2001. The Board therefore ordered OPM to adjust her portion of the annuity payments accordingly.

DISCUSSION

This court reverses a decision of the Board only if it is arbitrary and capricious, obtained without procedures required by law, or unsupported by substantial evidence. 5 U.S.C. § 7703(c); see also Yates v. Merit Sys. Prot. Bd., 145 F.3d 1480, 1483 (Fed. Cir. 1998). In a claim for benefits under CSRS, the burden of proof is on the claimant to show he is entitled to the benefits he seeks. True v. Office of Pers. Mgmt., 926 F.2d

1151, 1153 (Fed. Cir. 1991); <u>Cheeseman v. Office of Pers. Mgmt.</u>, 791 F.2d 138, 141 (Fed. Cir. 1986).

Mr. Petersen argues that the Board erred in concluding that Ms. Igarashi is entitled to COLAs because the 1983 divorce order makes no mention of such adjustments. The administrative judge explained that, in circumstances in which the divorce order provides a former spouse with a portion of the monthly annuity on a percentage basis, 5 C.F.R. § 838.622(b)(1)(ii) provides that COLAs will be included "unless the order specifically provides otherwise." Accordingly, the administrative judge concluded that an explicit provision regarding COLAs need not be included within the divorce order for Ms. Igarashi to be so entitled.

As the government points out in its response, however, 5 C.F.R. § 838.622 does not apply to court orders received by OPM prior to January 1, 1993. Section 838.101(c)(1) of the same title provides that subparts A through I, of which section 838.622 is a part, "apply only to court orders received by OPM on or after January 1, 1993." The California court's 1983 divorce order was received before the relevant date. Thus, the regulation applicable to this case is 5 C.F.R. § 838.1017. <u>See</u> 5 C.F.R. § 838.101(c)(2) (applying subpart J to court orders received by OPM before January 1, 1993).

This, however, does not mandate a different result. Section 838.1017 provides: "In cases where the court order apportions a percentage of the employee retirement benefit . . . [the initially determined] amount will be increased by future cost-of-living increases unless the court directs otherwise." Thus, there is no substantive difference between the two regulations with regard to COLA increases. Like the regulation relied

upon by the Board, section 838.1017 does not require an explicit provision in the divorce decree in order for the former spouse to be entitled to COLAs. We therefore uphold the Board's conclusion that Ms. Igarashi is entitled to COLA increases in connection with her share of Mr. Petersen's monthly CSRS annuity.

Mr. Petersen also contends that OPM has failed to respond to his letters and has delayed in addressing his complaint. As a remedy, Mr. Petersen asks that a fine be imposed against OPM and paid to him. In response, the government contends that OPM has addressed Mr. Petersen's contentions in detail, both in its initial decision and its reconsideration decision. Moreover, according to the government, the protracted nature of the proceedings is in part attributable to Mr. Petersen's premature appeals to the Board and his four granted requests for dismissals without prejudice due to scheduling conflicts. In any event, this court's authority to grant relief on appeals from the Board is limited to "set[ting] aside any agency action, findings, or conclusions." See 5 U.S.C. § 7703(c). We have no authority to levy fines against an agency, and we therefore decline to award the type of relief requested here.

Mr. Petersen also reiterates his demand for interest on the amount that he alleges has been "illegally" withheld. As this court explained in Lichtman v. United States, however, "[i]n the absence of express congressional consent to the award of interest separate from a general waiver of immunity to suit, the United States is immune from an interest award." 835 F.2d 1427, 1428 (Fed. Cir. 1988) (quoting Library of Congress v. Shaw, 478 U.S. 310, 311 (1986)). Moreover, the full Board concluded that, due to an error in calculation, OPM withheld a lesser amount than it should have. As a result, Mr. Petersen was not underpaid and there is no amount on which interest could

accrue. Because Mr. Petersen has not presented evidence that contradicts the Board's calculations, we find no basis for granting Mr. Petersen's request for interest.

Mr. Petersen contends that the divorce order is not a "qualifying court order" under 5 C.F.R. 838.1004(b) because it allegedly contains a formula that is "not readily ascertainable." However, we addressed and rejected that argument in Mr. Petersen's prior appeal. See Petersen v. Office of Pers. Mgmt., 243 F.3d 566 (Fed. Cir. 2000). As we explained there, the fraction contained in the divorce order is readily ascertainable because "[t]he number of years of Mr. Petersen's accredited service can be determined from OPM files, and the number of years that he was married is undisputed." Id. Under the law of the case doctrine, we do not revisit an issue decided in a prior appeal in the same case unless one of three exceptional circumstances exist: (1) the evidence in a subsequent trial is substantially different; (2) controlling authority has since made a contrary decision of the law applicable to the issues; or (3) the earlier ruling was clearly erroneous and would work a manifest injustice. Gould, Inc. v. United States, 67 F.3d 925, 930 (Fed. Cir. 1995). Because none of those exceptions apply here, the law of the case doctrine bars Mr. Petersen from relitigating that issue.