SANTA FE, INC.

v.

The UNITED STATES.

No. 686–86C.

United States Claims Court.

Oct. 30, 1987.

Walter A.I. Wilson, Washington, D.C., for plaintiff.

E. Kathleen Shahan, Washington, D.C., with whom was Asst. Atty. Gen. Richard K. Willard, for defendant.

## OPINION

YOCK, Judge.

This contract dispute is before the Court on defendant's motion to dismiss for lack of jurisdiction. For the reasons discussed herein, the defendant's motion is granted with the plaintiff's complaint to be transferred to the Veterans' Administration Board of Contract Appeals.

### Facts

On March 2, 1978, the plaintiff, Santa Fe Engineers (SFE), entered into a contract, No. V101C672, with the Veterans' Administration to construct and remodel an addition to the Veterans' Administration Medical Center in Huntington, West Virginia. After concluding that the Government initiated a change to the original contract, SFE submitted a certified equitable adjustment claim, totaling some $82,814, to the contracting officer on February 5, 1982. This claim was denied by the contracting officer in a final decision dated April 15, 1982. SFE elected to proceed in accordance with the provisions of the Contract Disputes Act of 1978, 41 U.S.C. §§ 601 *et seq.* (1982), and thereafter, elected to appeal the contracting officer's final, adverse decision to the Veterans' Administration Board of Contract Appeals (Board).

The plaintiff prevailed at the Board on the issue of entitlement (liability) and the Board remanded the case to the contracting officer to determine the quantum due SFE. *Appeal of Santa Fe, Inc.*, VABCA–1746, VABCA–1747, April 17, 1985. SFE submitted its quantum claim to the contracting officer on November 1, 1985. This claim was later withdrawn and a revised certified claim was submitted to the contracting officer on January 28, 1986. The parties agreed to a settlement totaling some $142,866 on May 21, 1986.

Several days later, the plaintiff requested that payment of the claim also include interest from the date the claim was initially submitted to the contracting officer, i.e., February 5, 1982. This request was denied in part by the contracting officer. In his decision, dated September 3, 1986, the contracting officer determined that the plaintiff was entitled to payment of interest from January 28, 1986, the date the revised certified claim was submitted, until June 30, 1986.

The plaintiff contends that 41 U.S.C. § 611 (1982) mandates an interest award of some $77,909. The contracting officer awarded payment of some $5,804 in interest, thereby leaving approximately $72,105 in interest still in dispute. Plaintiff filed suit in the United States Claims Court on October 28, 1986, seeking recovery of this amount. SFE asserts jurisdiction pursuant to the direct access provision of the Contract Disputes Act of 1978, 41 U.S.C. § 609(a)(1) (1982).

### Discussion

The defendant, in its motion to dismiss, contends that this Court lacks jurisdiction to decide the plaintiff's interest dispute with the Government. The Government argues that the plaintiff had previously made a binding election under the Contract Disputes Act of 1978 to appeal its underlying equitable adjustment claim to the Veterans' Administration Board of Contract Appeals, and cannot now shift gears and appeal a part of that claim (i.e., the interest dispute) to the Claims Court. The defendant asserts that a direct access appeal to the Claims Court is precluded under the factual circumstances presented here. As a result, the defendant maintains that the plaintiff's complaint should be dismissed for lack of jurisdiction.

The plaintiff counters the Government's contention by asserting that its present interest claim is "separate and distinct" from its original equitable adjustment claim which was appealed to the Board. In addition, the plaintiff points to the contracting officer's September 3, 1986 final decision letter, which stated that the plaintiff may appeal the interest dispute to the Claims Court in lieu of appealing to the Board, as granting jurisdiction to this Court. As a

result, the plaintiff maintains that the plaintiff was entitled to its choice of forum to hear this dispute.

The provisions of the Contract Disputes Act of 1978, 41 U.S.C. §§ 601 *et seq.* (1982) (CDA) apply to all contracts entered into on or after March 1, 1979. Additionally, for contracts entered into prior to the effective date of the Act, the contractor may elect to proceed under the Act with respect to any claim pending before a contracting officer as of March 1, 1979, or initiated thereafter. 41 U.S.C. § 601 note, Pub.L. No. 95–563, § 16. Here, the plaintiff entered into its contract with the Veterans' Administration on March 2, 1978, and initiated its original equitable adjustment claim with the contracting officer on February 5, 1982. Thus, the plaintiff had the right to proceed with its claim under the CDA at its election.

Having received an adverse decision from the contracting officer, the plaintiff was faced with making two elections. First, plaintiff had to elect whether to proceed in accordance with the provisions of the CDA or to be governed only by the terms of the contract. Plaintiff chose the former. *Appeal of Santa Fe, Inc.,* VAB-CA–1746, VABCA–1747, April 17, 1985. Having so chosen, plaintiff then had to decide in which forum to pursue its claim. The contractor may elect to proceed under either 41 U.S.C. § 606 (1982) or 41 U.S.C. § 609(a)(1) (1982). The first provision provides: "Within ninety days from the date of receipt of a contracting officer's decision * * * the contractor may appeal such decision to an agency board of contract appeals * * *." 41 U.S.C. § 606 (1982). Alternatively, and *"in lieu of* appealing the decision of the contracting officer * * * to an agency board, a contractor may bring an action directly on the claim in the United States Claims Court * * *." 41 U.S.C. § 609(a)(1) (1982) (emphasis supplied).

A contractor, however, cannot do both. These avenues for relief from a contracting officer's adverse decision are mutually exclusive. Once a contractor elects to bring an appeal before an appropriate board of contract appeals, he is bound by that deci-sion and cannot later elect to bring a direct access suit in the Claims Court. *Santa Fe Engineers, Inc. v. United States,* 230 Ct.Cl. 512, 515–16, 677 F.2d 876, 878 (1982); *Tuttle/White Constructors, Inc. v. United States,* 228 Ct.Cl. 354, 357–58, 656 F.2d 644, 646–47 (1981); *Diamond Mfg. Co. v. United States,* 3 Cl.Ct. 424, 427 (1983).

That the plaintiff elected to appeal the contracting officer's original adverse decision pertaining to its equitable adjustment claim to the Board is undisputed. The Board, in its April 17, 1985 opinion, reversed the contracting officer's decision on entitlement · (liability) and found for the plaintiff. It then remanded the case back to the contracting officer to determine quantum, i.e., the amount of money due the plaintiff. Upon remand to the contracting officer, the parties agreed to a settlement of some $142,866, but a dispute arose as to the appropriate amount of interest the plaintiff was ultimately due on that amount. It was from this interest dispute, involving some $72,105 that the plaintiff appealed to the Claims Court under the direct access provisions of the CDA.

Consequently, the current controversy centers on the contracting officer's second final decision denying the plaintiff's request for interest on the agreed-to settlement. As earlier indicated, the Government argues that the plaintiff's interest dispute is merely a part of the plaintiff's original and underlying equitable adjustment claim which it had elected to appeal to the Board. As a result, the plaintiff is bound by its prior election and cannot now pursue a direct access suit in this Court on a part (i.e., interest dispute) of that underlying claim. Plaintiff, on the other hand, argues that its request for interest, while involving the same project, is a "separate and distinct" claim from its prior equitable adjustment claim and, therefore, should be entitled to a direct access appeal to this Court. To further bolster its position, the plaintiff cites to the contracting officer's September 3, 1986 final interest decision which stated that "in lieu of appealing to the [Board], you may bring an action directly in the U.S. Claims Court * * *."

■ Notwithstanding the quoted language used by the contracting officer, the Court finds for the Government in this matter.[1] The defendant is correct in its basic argument that the plaintiff's interest dispute is merely a part of the plaintiff's original and underlying equitable adjustment claim which it had elected to appeal to the Board. Thus, the plaintiff is bound by that election and cannot now shift gears and pursue a direct access suit in this Court. The Court comes to this conclusion based on a reading of the plain language of the CDA as well as a reading of the case authority bearing on this issue.

■ Section 611 of Title 41 of the United States Code states:

Interest on amounts found due contractors *on claims* shall be paid to the contractor from the date the contracting officer *receives the claim pursuant to section 605(a) of this title from the contractor until payment thereof.* [emphasis added]

The pertinent part of section 605(a) provides:

*All claims by a contractor against the government* relating to a contract *shall be in writing and shall be submitted to the contracting officer for a decision.* [emphasis added]

Based on the plain language of these CDA sections, an underlying claim is a prerequisite to an award of interest under the CDA. *Hoffman Construction Co. v. United States,* 7 Cl.Ct. 518, 522 (1985); *see Esprit Corp. v. United States,* 6 Cl.Ct. 546, 548 (1984), *aff'd,* 776 F.2d 1062 (Fed.Cir.1985). *See also Nab–Lord Associates v. United States,* 230 Ct.Cl. 694, 700, 682 F.2d 940, 944 (1982); *accord B & A Electric Co.,* 85–1 B.C.A. ¶ 17,781 at 88,808. A "separate and distinct" interest claim unrelated to an underlying contract claim simply does not exist. An interest dispute may exist, but it is part and parcel of that underlying contractual claim and must be decided in that same forum that the party asserting the claim elected to hear the underlying claim.

In the current case, the plaintiff elected to have his underlying equitable adjustment claim appealed to the Board. The Board proceeded to decide the claim for the plaintiff as to entitlement (liability) and then remanded the quantum (i.e., money damages) to the contracting officer. For the purposes of this case, clearly interest due was a part of the quantum the Board remanded to the contracting officer. Under the remand order, the contracting officer was not writing on a clean slate but was acting as a representative or agent of the Board for the purposes of completing the plaintiff's underlying equitable adjustment claim. As such, jurisdiction over the claim remained with the Board. Thus, any further dispute that may occur between the parties would not be a "separate and distinct" claim, but would be part and parcel of the underlying claim which only the Board would have jurisdiction to decide by virtue of the plaintiff's prior binding election.

In a closely analogous case, the Court of Claims earlier had wrestled with the question of whether a contractor could recover interest under the CDA when the underlying claim was not pending before the contracting officer on the effective date of the Act. In deciding that the contractor could not recover interest under the CDA, the court stated:

In 1977, the contracting officer's denials of petitioner's entitlement to the underlying claims were appealed to the board. The board reversed the contracting officer and held that petitioner was entitled to receive payments for certain contract adjustments and it remanded the claims to the contracting officer in order that the *amount* of the claims could be negotiated. The relevant underlying claims were, therefore, on the effective date of the act, pending before

---

1. A contracting officer cannot bestow jurisdiction upon a court where it does not otherwise exist. *See Paul E. Lehman, Inc. v. United States,* 230 Ct.Cl. 11, 17, 673 F.2d 352, 356 (1982); *T.J.D. Services, Inc. v. United States,* 6 Cl.Ct. 257, 263 (1984); *Warchol Construction Co. v. United States,* 2 Cl.Ct. 384, 389 (1983); *John C. Grimberg Co. v. United States,* 1 Cl.Ct. 253, 254 (1982), *aff'd,* 702 F.2d 1362 (Fed.Cir.1983).

the board and not before the contracting officer. The contracting officer was acting as a representative of the board when he negotiated with petitioner the amount petitioner should receive for the contract adjustments allowed by the board's favorable rulings as to entitlement. As we stated in *Tapper & Associates v. United States* [222 Ct.Cl. 34, 611 F.2d 354], the claim is not still pending before the contracting officer after, "acting in a quasi-judicial capacity, the officer has rendered a final decision on the claim."

The central issue in this case is whether a contractor may receive interest on an underlying quantum claim which itself cannot be brought under the act. If the interest claim can exist separate from such an underlying claim, petitioner will be entitled to recover interest from the effective date of the act to the day of payment.

We find that in order for a contractor to receive interest *under the act* there must be an underlying claim for quantum which is governed by the act. This result is supported by our prior decisions. In *Tapper & Associates*, we held that the phrase "pending before the contracting officer" limits the payment of interest in the same manner that it limits direct access to this court. Therefore, just as a contractor who, within the meaning of the act, does not have a claim pending before a contracting officer on the effective date could not elect direct access to this court, petitioner cannot obtain interest on [*i.e.,* "with respect to"] claims which were on that date pending, not before the contracting officer, but rather before the board. [footnote omitted; bracketed material and emphasis in original]

*Nab–Lord Associates v. United States*, 230 Ct.Cl. 694, 699–700, 682 F.2d 940, 943–44 (1982).

Based on the *Nab–Lord* decision, this Court also has determined that the quantum part of a claim is inseparable from the entitlement (liability) part. In *P.J. Maffei Building Wrecking Corp. v. United States*, 3 Cl.Ct. 482, 488–89 (1983), *aff'd* 732 F.2d 913 (Fed.Cir.1984), the Court stated:

The question comes down to whether the referral of a liability-decided matter to a contracting officer for negotiations on quantum and the emergence thereafter of a dispute on pricing, may be regarded as marking the end of one claim and the beginning of another.

The virtually identical question had been raised in *Nab–Lord Associates v. United States*, 230 Ct.Cl. [694], 682 F.2d 940 (1982); it was there answered in the negative. * * *

* * * * * *

Here, as in *Nab–Lord*, the contracting officer had entered a final determination adverse to the contractor which, upon being reversed on appeal, was then returned to the contracting officer for negotiation of amount. And it having been held in *Nab–Lord* that claims in such a remanded posture are still to be considered as pending before the board and not the contracting officer, it follows here, for the same reason, that a pricing dispute that emerges upon remand would not alter the status of the underlying claim—it remains pending before the board. The short of it is that plaintiff is not entitled to proceed under the Act with respect to the quantum determination on its pile claim since that claim neither was pending before the contracting officer on March 1, 1979, nor was it initiated thereafter.

These decisions are further bolstered by a recent decision of the Court of Appeals for the Federal Circuit. In *Teller Environmental Systems, Inc. v. United States*, 802 F.2d 1385 (Fed.Cir.1986), the Federal Circuit faced the issue of whether a decision by the Armed Services Board of Contract Appeals as to liability and a remand to the parties as to the amount of quantum was a final decision that could be appealed to the Federal Circuit under 28 U.S.C. § 1295(a)(10) (1982). The Court found that it was not a final decision and thus the case was not ripe for appeal. It stated:

Under these circumstances, we agree and accept the board's characterization

that this case involves only a single claim and conclude that both the entitlement and quantum aspects of that claim were before the board. The contracting officer's decision covered both aspects of the claim and the board's jurisdiction is to review that decision. *See* 41 U.S.C. § 607. In dealing specifically with both liability and amount of damages in its decision, the board recognized that the scope of its review covered both issues. By "remanding" the government's claim to the parties for a determination of the damages, the board did not completely decide the case before it.

\* \* \* \* \* \*

As discussed, the contracting officer expressly determined not only that Teller was liable to the government for the allegedly faulty repair work, but also the specific amount of damages due the government. And the board considered and dealt with both issues in its opinion, even though the ultimate determination of the amount of damages was "remanded" to the parties. We do not consider this "remand" to the parties to be a transfer, or a cessation, of the board's jurisdiction over the case. It is more in the nature of a direction to the parties to negotiate the amount of damages consistent with the board's analysis of the various costs and to come back to the board with an agreed amount or for resolution of any dispute if agreement cannot be reached.

*Teller Environmental Systems, Inc. v. United States, supra,* 802 F.2d at 1389–90.[2]

Based on the above, it is clear that the case precedent supports the Government's position in the current jurisdictional dispute.

The plaintiff is clearly correct in its assertion that the CDA mandates the payment of interest, but it is incorrect in its assertion that a request for such relief constitutes a "separate and distinct" claim. As a result, if SFE's election to appeal the contracting officer's original adverse decision to the Board on its equitable adjust-

ment claim was an "informed" one, it constitutes an irrevocable, binding election.

The plaintiff has never claimed that its original decision was anything other than informed, knowing, and voluntary. Therefore, its prior election must stand. A direct access suit in the Claims Court, under the factual circumstances here present, is unavailable. This Court lacks the necessary jurisdiction to hear this matter. *Tuttle/White Constructors, Inc. v. United States, supra,* 228 Ct.Cl. at 358, 656 F.2d at 647; *Mark Smith Construction Co. v. United States,* 10 Cl.Ct. 540, 542–44 (1986); *Boyd Lumber v. United States,* 5 Cl.Ct. 803, 806 (1984).

In its brief in response to the defendant's motion to dismiss, the plaintiff has argued in the alternative for a transfer of this matter to the Board, if this Court should decide that it does not have jurisdiction. It cites to 28 U.S.C. § 1631 (1982) which allows this Court: "if it is in the interest of justice, [to] transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed \* \* \*."

Although the Court agrees with the plaintiff that it would be in the interest of justice to transfer this case to the Board, it appears that section 1631 of Title 28 is not the appropriate vehicle to accomplish the transfer. Section 1631 allows for the transfer of cases only between *courts* as defined in section 610 of Title 28. Thus, section 1631 will not provide the necessary authority to transfer this case to the Board.

The Court does believe, however, that this case should be viewed as still pending before the Board. Since the underlying claim for entitlement (liability) was appealed to the Board within the 90 days allotted by the CDA (41 U.S.C. § 606), it appears appropriate and consistent with the discussion contained in this opinion that the counterpart quantum (interest) dispute should be viewed as still properly pending before

---

2. *See also Dewey Electronics Corp. v. United* States, 803 F.2d 650, 654 (Fed.Cir.1986).

the Board for final adjudication.[3] Consequently, the Court will transfer this dispute to the Board that has jurisdiction over this pending matter.[4]

### CONCLUSION

For the reasons discussed herein, the defendant's motion to dismiss for lack of jurisdiction is granted; however instead of the plaintiff's complaint being dismissed, it is to be transferred to the Veterans' Administration Board of Contract Appeals for appropriate disposition.

The clerk is directed to enter judgment accordingly. Each party is to bear its own costs.

---

**3.** It is noted in this connection that the plaintiff did appeal the current interest dispute (albeit to the wrong forum) within the 90–day period specified by the CDA (41 U.S.C. § 606 (1982)).

**4.** This Court is also cognizant of its statutory authority under the CDA to consolidate pending

claims in the appropriate forum (*see* 41 U.S.C. § 609(d) (1982)), and its authority under the Tucker Act to remand appropriate matters to any administrative or executive body with such direction as it may deem proper and just (*see* 28 U.S.C. § 1491(a)(2) (1982)).