968 F.2d 1227
 38 Cont.Cas.Fed. (CCH) P 76,340
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
INDUSTRIAL CONTRACTORS, INC., Appellant,
v.
Michael P.W. STONE, Secretary of the Army, Appellee.
 No. 91-1479.
 United States Court of Appeals, Federal Circuit.
 May 21, 1992.
 
 Before RICH, CLEVENGER and RADER, Circuit Judges.
 RADER, Circuit Judge.
 
 
 1
 Industrial Contractors, Inc., appeals the dismissal of its claims by the Armed Services Board of Contract Appeals. Industrial Contractors, ASBCA No. 31270, 91-3 B.C.A. (CCH) p 24,053. Because substantial evidence supports the Board's decision, this court affirms.
 
 BACKGROUND
 
 2
 On April 25, 1980, the Army Corps of Engineers (Corps) awarded Industrial a contract for construction at an MX testing facility in Tennessee. The Corps later directed Industrial to accelerate performance. Industrial also submitted cost proposals for other modifications to the contract.
 
 
 3
 Negotiations on the prices of the acceleration and other modifications continued for several months after Industrial completed the work. The Corps did not pay until more than a year after completion of some modifications. On July 31, 1981, Industrial sent the Corps a letter purporting to be a submission of claims and certification. On November 13 and 30, 1981, Industrial sent two additional letters to the Corps. In these letters Industrial explained the financial burden caused by late payment and requested interest payments.
 
 
 4
 Except for three modifications, numbers 74, 96, and 104, the contracting officer denied all of Industrial's claims for interest. The contracting officer reasoned that the Corps had paid Industrial in full for all claims. The contracting officer also pointed out that Industrial did not properly certify its claims.
 
 
 5
 Industrial appealed to the ASBCA. Industrial Contractors, ASBCA No. 31270, 91-3 B.C.A. (CCH) p 24,053. In addition to denying Industrial's claims because they were not based on a dispute, the Board reversed the contracting officer's decision on modification number 104 because Industrial had not properly certified that claim.
 
 DISCUSSION
 
 6
 This court reviews decisions of the Board under a limited standard of review. See 41 U.S.C. § 609(b) (1988). The existence of a dispute within the meaning of Industrial's contract is a factual question. See Mayfair Constr. Co. v. United States, 841 F.2d 1576, 1577 (Fed.Cir.), cert. denied, 480 U.S. 980 (1988). Contract certification is a question of law, subject to de novo review. See United States v. Newport News Shipbuilding & Dry Dock Co., 933 F.2d 996, 997 (Fed.Cir.1991). Section 611 of Title 41 U.S.C. (1988) states:
 
 
 7
 Interest on amounts found due contractors on claims shall be paid to the contractor from the date the contracting officer receives the claim pursuant to section 605(a) of this title from the contractor until payment thereof.
 
 
 8
 Thus, a contractor cannot recover interest under the Contract Disputes Act (CDA) before presentation of a claim. Nab-Lord Assocs. v. United States, 682 F.2d 940, 944 (Ct.Cl.1982).
 
 
 9
 Examining language identical to Industrial's contract, this court stated: "[i]t is beyond cavil that under this clause, no claim exists unless it involves a dispute." Mayfair Constr., 841 F.2d at 1577. Furthermore, "[u]nilateral cost proposals or correspondence suggesting disagreement during negotiations, while they may ultimately lead to a dispute, do not, for the purposes of the Act, satisfy the clear requirement that the request be in dispute." Dawco Constr. Inc. v. United States, 930 F.2d 872, 878 (Fed.Cir.1991).
 
 
 10
 Industrial's July 31, 1981 letter purports to submit and certify claims. However, the record evidence shows that Industrial and the Corps had not yet settled the price for the modifications underlying the claims. Thus, negotiations were still underway when Industrial submitted its July 31 letter. Under Dawco, disagreements during negotiations do not constitute disputes upon which a contractor may base claims. Id. Furthermore, the July 31 letter did not request a contracting officer's decision, as required by Industrial's contract. Therefore, Industrial's July 31 letter submitted no claims.
 
 
 11
 The Board found no evidentiary basis to prove that a dispute existed upon which Industrial could base its interest claims of November 13 and November 30. ASBCA No. 31270, 91-3 B.C.A. p 24,053. The record also does not show that Industrial ever submitted a dispute-based claim for quantum between July 31 and November 30, 1981. As Industrial must base any claim for interest on an underlying quantum claim, Nab-Lord, 682 F.2d at 944, the November 13 and 30 letters do not make valid interest claims. Furthermore, the November 30 letter did not request a contracting officer's decision. Thus, substantial evidence supports the Board's decision, denying Industrial's claims for interest.
 
 
 12
 A contractor must properly certify a claim under the Contract Disputes Act of 1978 to qualify for relief from the ASBCA. Newport News, 933 F.2d at 998. Industrial purported to certify its claims for interest in its July 31 letter. On that date, Industrial had not yet settled the underlying modifications. The parties had not agreed on the principal on which Industrial claims interest. Furthermore, the letter did not request a contracting officer's decision. Industrial's July 31 letter therefore could not certify a claim for interest on modification 104. The Board correctly concluded that Industrial did not properly certify this claim.
 
 CONCLUSION
 
 13
 The Board dismissed all of Industrial's claims for interest except those on modifications 74 and 96. This court affirms.